267 So.2d 362 (1972)
The 1661 CORPORATION, Appellant,
v.
Esther SNYDER, Appellee.
No. Q-148.
District Court of Appeal of Florida, First District.
October 17, 1972.
Edna L. Caruso, West Palm Beach and Roland E. Williams, Jr., of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for appellant.
*363 Don G. Donaldson, of Mabie & Donaldson, West Palm Beach, and Norton & Wood, Jacksonville, for appellee.
WIGGINTON, Judge.
Defendant has appealed an order granting plaintiff's motion for a new trial on the issue of damages only. It is contended by appellant that the trial court erred in denying its motion for a directed verdict at the close of the evidence in the case, and again erred in granting plaintiff a new trial on the issue of damages only and not on all the issues in the case.
Plaintiff-appellee sued defendant-appellant for damages sustained when she stumbled on a water pipe located in the grass plot between the curb and sidewalk on defendant's property, causing her to fall and suffer serious injuries to her foot and leg. Defendant pleaded general denial and contributory negligence.
Plaintiff testified that she parked her car at the curb in front of defendant's building and started to walk across the grass plot separating the curb from the sidewalk in order to proceed further down the walk to the building in which she worked. She noticed that the strip separating the curb and sidewalk was covered with grass and weeds about ankle deep. As she proceeded across the strip toward the sidewalk her foot struck a solid object, causing her to fall to the ground. Upon recovering she saw that the object which she struck was a water pipe about one inch wide and four to six inches high curved on the top and closed with a metal plug. She stated that a palmetto sprig was growing near the pipe and extended one or two inches above it. As a result of her fall, she entered the hospital and incurred undisputed medical expenses of $774.50 and loss of earnings from her work in the amount of $860.00. Her testimony and that of her physician described in detail her injuries consisting of a ruptured medial menscious, injuries to the medial collateral ligament, and an injury requiring the removal of the anterior cruciate. Plaintiff was hospitalized for surgery from March 24 to March 31, 1969, and was not discharged by her doctor until September, 1969. The medical proof established that as a consequence of her injuries plaintiff sustained a permanent partial disability of ten percent. The janitor working in defendant's building at the time of the accident testified that he kept the grass mowed in the strip between the curb and sidewalk in front of the building, and that the water pipe over which plaintiff stumbled and fell extended upward out of the ground a distance of at least twelve inches, on the top of which was a water faucet. He testified that the presence of the pipe was open and visible and not concealed either by the surrounding grass, weeds, or the palmetto shrub growing next to it. At the conclusion of the evidence defendant moved the court for a directed verdict on the ground that plaintiff had failed to establish negligence on the part of defendant which was the legal cause of her injuries and that she was guilty of contributory negligence as a matter of law. This motion was denied and the jury returned a verdict for plaintiff in the munificent sum of $100.00.
Since plaintiff was a licensee on the premises of the defendant, the latter owed plaintiff a duty to warn her of the danger created by the water pipe if the danger was known to defendant and was not known to plaintiff or open to ordinary observation by her in the exercise of reasonable care.[1] Whether the water pipe was only four to six inches high, was obscured by ankle-deep grass and weeds, and was not patent, open, obvious or known to plaintiff at the time her foot struck it, and whether the location and condition of the pipe itself created a dangerous hazard, were questions to be resolved by the jury. Apparently the jury believed plaintiff's version of the size, location and condition *364 surrounding the water pipe rather than the testimony of defendant's janitor who testified to the contrary. We believe this issue was properly submitted to the jury by the trial court, and no error was committed in refusing to direct a verdict for defendant on this ground.[2]
Appellant strenuously contends that the evidence affirmatively establishes that plaintiff was guilty of contributory negligence as a matter of law, and that the court erred in not granting its motion for a directed verdict on this ground. Such position assumes that the evidence establishes without dispute that the water pipe in question was patent, obvious, visible, and open to ordinary observation by anyone walking across the grass plot between the curb and sidewalk, a fact which was sharply disputed by plaintiff's testimony to the contrary. Because of the clear conflict in the evidence on this issue, the court properly submitted it to the jury for its decision under appropriate instructions. No error was committed by the failure of the court to direct a verdict for defendant on this ground.[3]
Lastly, appellant contends that the trial court erred in granting a new trial on the issue of damages only. With this contention we are impelled to agree. The order granting a new trial is grounded upon a finding by the court that the damages awarded plaintiff were induced by some misconception of law or failure of the jury to consider all of the elements of damage submitted because the verdict in the sum of $100.00 was inadequate. The evidence in the record supports the trial court's finding in this regard, and such finding will not be disturbed in light of the evidence reflected in the record before us. Whether the new trial should be on the issue of damages alone, or on all the issues in the case, raises an altogether different question. To grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at the trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise by the jury on the issue of liability.[4] This was the situation found to exist in the case of Anastasio v. Summersett[5] and in Grossman v. Short,[6] in each of which a new trial on the issue of damages alone was ordered by the appellate court.
From our examination of the record it clearly appears that the question of whether plaintiff was guilty of contributory negligence as a matter of law was sharply disputed on the evidence. If plaintiff's testimony was believed by the jury, and the verdict indicates that it was, then plaintiff would not have been contributorily negligent in failing to see the water pipe and avoiding striking it with her foot. On the other hand, if the jury had believed the testimony of the janitor employed by the defendant that the water pipe protruded a distance of at least twelve inches above the ground well above the grass and palmetto shrub growing around it and was open to ordinary observation by any pedestrian crossing the grass plot, appellee would be guilty of contributory negligence as a matter of law. Whether the gross inadequacy of the verdict resulted from a compromise by the jury on the issue of liability can only be a matter of speculation. We believe, however, that the question is such a close one that the ends of justice would best be served by a new trial on all issues.
The order appealed is accordingly reversed and the cause remanded with directions *365 that a new trial be granted to the parties on all the issues present in the case and for further proceedings consistent with the views expressed herein.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] McNulty v. Hurley, (Fla. 1957) 97 So.2d 185.
[2] 23 Fla.Jur. 355, Negligence, § 130.
[3] Hyde v. Davis & Marr Supply Company, (Fla.App. 1966) 183 So.2d 700; Isenberg v. Ortona Park Recreational Center, Inc., (Fla.App. 1964) 160 So.2d 132.
[4] 29 A.L.R.2d 1209, 1214.
[5] Anastasio v. Summersett, (Fla.App. 1969) 217 So.2d 854.
[6] Grossman v. Short, (Fla.App. 1970) 235 So.2d 11.