FERGUSON, Judge.
This appeal is from an order of the trial court which granted a “Motion for Judgment in Accordance with the Motion for Directed Verdict” or “in the alternative if for any reason [that judgment] is not affirmed upon an Appellate review,” a Motion for New Trial.
City National Bank of Miami instituted this action against Mangel for default on two promissory notes totalling $77,000, and for fraud based on Mangel’s representations that the diamonds pledged as collateral had a value in excess of $77,000 when in fact the collateral consisted of worthless glass facsimilies. Mangel counterclaimed, alleging that the stones given as collateral *928 for the loan were in fact diamonds, in place of which Bank employees had substituted glass.
A jury returned a verdict for the Bank on its claim against Mangel for $107,790.92 including interest, which verdict is not appealed. On Mangel’s counterclaim against the Bank, the jury returned a verdict for $200,000. The verdict on the counterclaim is the subject of this appeal. We reverse the judgment in accordance with the motion for directed verdict and affirm the order granting a new trial.
It is only in the absence of any evidence or reasonable inferences supportive of the position of the nonmoving party that a trial court is authorized to direct a verdict. Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981). Although the evidence was reasonably susceptible to inferences other than those drawn by the jury, there was some evidence to support the verdict on the counterclaim. A directed verdict was therefore improper.
An order granting a new trial may be reviewed to ascertain whether there is a detectable abuse of discretion. Russo v. Clark, 147 So.2d 1 (Fla.1962). However, “[o]ne attacking such an order has a heavy burden to make error to appear in the exercise of the broad discretion allowed the judge who has presided at the trial, and who has had direct, personal contact with the presentation of the case as it unfolded at the trial level.” Hendricks, 208 So.2d at 103. We have examined the court’s findings in support of the order,[1] as well as the relevant facts as they appear in the record, and find no abuse of discretion in the grant of a new trial.
Affirmed in part, reversed in part, and remanded for further proceedings.

. The order states in pertinent part:
... The New Trial is granted for reasons including but not limited to the following: that the jury verdict was contrary to the manifest weight of the evidence presented; that the verdict was based on a misconception of the evidence and a misapplication of the law; that the verdict was arrived at through prejudice, passion, bias, or other improper influence; and that the jury was misled by the force and credibility of the evidence. The Counterdefendant [sic] failed to sustain his burden of proving conversion in that he failed to prove ownership of diamonds valued in an amount related to the jury verdict and failed to prove that the Counterdefendant wrongfully deprived him of said diamonds. The jury was also swayed by conduct of the BANK which did not establish conversion and consequently their verdict did not follow the law of the case.