483 So.2d 773 (1986)
Amparo BORGES, Appellant,
v.
Jerome F. JACOBS, D.P.M. and Jerome F. Jacobs, D.P.M., P.A., Appellees.
No. 84-1092.
District Court of Appeal of Florida, Third District.
February 11, 1986.
Rehearing Denied March 19, 1986.
Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellant.
George, Hartz, Burt & Lundeen, Steven R. Berger and Diane K. Kuker, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Where, as in this case, a jury found the defendants to be a negligent cause of a plaintiff's damages, but returned an award of damages less than the plaintiff's undisputed medical expenses reasonably and necessarily incurred as a result of the defendants' negligence, the verdict is inadequate as a matter of law, and a new trial is required. Gross v. Lee, 453 So.2d 495 (Fla. *774 1st DCA 1984); Grier v. Reed, 426 So.2d 1132 (Fla. 1st DCA 1983); Hector v. Florida Farm Bureau Mutual Insurance Co., 364 So.2d 1253 (Fla. 2d DCA 1978); McNash v. Oxenhandler, 288 So.2d 304 (Fla. 4th DCA 1974); Meana v. St. Petersburg Kennel Club, Inc., 279 So.2d 329 (Fla. 2d DCA 1973); 1661 Corp. v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972). See also Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Ledbetter v. Todd, 418 So.2d 1116 (Fla. 5th DCA 1982); Stevens v. Mt. Vernon Fire Insurance Co., 395 So.2d 1206 (Fla. 3d DCA 1981); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980), cert. discharged, 401 So.2d 1322 (Fla. 1981); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971).
We reject the defendants' contention that the evidence rationally supports the jury's determination that only $26,000 of the plaintiff's $74,000 in medical expenses were reasonably and necessarily incurred, and, implicitly, that some $48,000 of these expenses are attributable to some reason unconnected to the events giving rise to this action. The defendants' argument that the jury could reasonably have concluded that the plaintiff's circulatory deficiency, rather than the defendant's treatment of her foot, was the cause of the plaintiff's post-treatment hospitalization ignores the undisputed fact that the plaintiff's circulatory deficiency (as well as her diabetic condition) was a pre-existing condition which provided the very reason that the surgery performed by the defendant was contraindicated at the outset. Once Dr. Jacobs went forward with the surgery in the face of the pre-existing circulatory deficiency and caused an infection which would not heal because of the circulatory deficiency, it is legally impossible that the circulatory deficiency could be found to be a legal cause of the expenses incurred for the subsequent hospitalization necessitated by the infection. See Vendola v. Southern Bell Telephone & Telegraph Co., 474 So.2d 275 (Fla. 4th DCA 1985) (plaintiff's purported suicide attempt merely a pre-existing condition and therefore not a legal cause of damage in action charging telephone company with negligence in failing to respond to plaintiff's request for an ambulance); Metropolitan Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 554 (Fla. 1985) (defendant's failure to repair inoperative stoplight merely a pre-existing condition and therefore not a legal cause of damage sustained by plaintiff in intersection collision); Whitehead v. Linkous, 404 So.2d 377 (Fla. 1st DCA 1981) (plaintiff's suicide attempt merely a pre-existing condition and therefore not a legal cause of damage in medical malpractice action charging emergency room physician with negligence in failing to save plaintiff's life).
The defendants' additional post-hoc rationalization of the jury verdict, namely, that the plaintiff, during the course of her post-operative infection, suffered an acute circulatory deficiency different in type and kind from her pre-existing chronic condition, flies in the face of the concurring cause instruction which the jury was bound to follow and which
"correctly reflects the ... unassailable principle that a wrongdoer remains liable for a consequent harm when the result is caused by a congruence of his own negligent act with a natural force or condition, often called an `Act of God,' such as [plaintiff's] pre-existing physiological and anatomical status...." Goodman v. Becker, 430 So.2d 560, 561 (Fla. 3d DCA 1983) (footnote omitted).
Accord Tilley v. Broward Hospital District, 458 So.2d 817 (Fla. 4th DCA 1984); Higgins v. Johnson, 434 So.2d 976 (Fla. 2d DCA 1983); Marrero v. Salkind, 433 So.2d 1224 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 418 (Fla. 1984).
And finally, no inference that the two post-treatment hospitalizations for surgery were unnecessary can be drawn from evidence that they were unsuccessful in combating the infection. Proof that these hospitalizations were unnecessary must come in the form of testimony of a medical expert, and no such proof is contained in this record.
*775 Where, as here, the liability of the defendants is not unequivocally established, and the inadequate damage award represents a possible compromise verdict on the issue of liability, a new trial on all issues is required. See, e.g., Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256 (Fla. 3d DCA 1985); Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984); 1661 Corp. v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971); Duquette v. Hindman, 152 So.2d 789 (Fla. 1st DCA 1963). This is especially so where plaintiff's counsel concedes, indeed requests, that any retrial should be on all issues. See Thompson v. Fields, 292 So.2d 612 (Fla. 4th DCA 1974).
Reversed and remanded for a new trial on all issues.