538 So.2d 1390 (1989)
Jose RIVERA, Appellant,
v.
Gaspar ALDRICH, and Orlando Berrocal, Appellees.
No. 88-556.
District Court of Appeal of Florida, Third District.
March 7, 1989.
*1391 Steven G. Jugo, Miami, and Kathleen T. Murphy, for appellant.
Barnett, Clark & Barnard and Michael A. Robb, Ft. Lauderdale, for appellee Aldrich.
Michael I. Libman, Miami, for appellee Berrocal.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
The sole issue on appeal is whether the trial judge correctly ordered a new trial on liability and damages, or whether, as appellant contends, the new trial should be confined to damages alone. We affirm.
The lawsuit below arose out of a chain reaction collision. Plaintiff-appellant Rivera alleged that defendant-appellee Aldrich initiated the chain reaction by striking defendant-appellee Berrocal's intervening car and propelling it into plaintiff's vehicle. Aldrich denied colliding with anyone, contending that the chain reaction was caused by a "phantom car" which left the scene.
At trial the jury found plaintiff had suffered permanent injury but awarded no damages. On Berrocal's cross-claim[1] against Aldrich, the jury found Berrocal had sustained no permanent injury but awarded him damages. On appellee's motion, a new trial was ordered on all issues.
An order granting new trial is reviewable for abuse of discretion. Mangel v. City National Bank, 451 So.2d 927, 928 (Fla. 3d DCA 1984) (citation omitted). One who attacks such an order "`has a heavy burden to make error to appear in the exercise of the broad discretion allowed the judge who has presided at the trial, and who has had direct, personal contact with the presentation of the case as it unfolded at the trial level.'" Id., quoting Hendricks v. Dailey, 208 So.2d 101, 103 (Fla. 1968).
The controlling principle applicable here is that:
To grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at the trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise by the jury on the issue of liability.
1661 Corporation v. Snyder, 267 So.2d 362, 364 (Fla. 1st DCA 1972) (footnote omitted); accord Borges v. Jacobs, 483 So.2d 773, 775 (Fla. 3d DCA 1986); Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256, 257-58 (Fla. 3d DCA 1985).
*1392 In the present case liability was not unequivocally established. No eyewitnesses to the accident testified at trial. When the vehicles halted, Aldrich's car was located three feet behind Berrocal's car and was not damaged, while Berrocal's and Rivera's vehicles had extensive damage. The jury interwove the issues of liability and damages on the verdict form in an inconsistent way, suggestive of compromise on liability, possible confusion on the law of damages, or both. See Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d at 258 n. 5.
On the present record no abuse of discretion has been shown. The order granting a new trial on liability and damages is affirmed.[2]
NOTES
[1] Although denominated third party complaint, in reality Berrocal's claim was a cross-claim against a co-party. Fla.R.Civ.P. 1.170(g).
[2] Appellee Berrocal filed a notice of cross-appeal but did not prosecute it or otherwise participate in the principal appeal. The Berrocal cross-appeal is therefore dismissed.

We observe in passing that one party included a request for oral argument within the brief. To be considered by the court and detected by the clerk, a request for oral argument must be submitted on a separate document. Fla.R.App. P. 9.320.