560 So.2d 808 (1990)
Josephine CALLOWAY, Appellant,
v.
DANIA JAI ALAI PALACE, INC., f/n/a Dania Jai Alai Fronton, Appellee.
Nos. 88-1486, 88-1810.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
Rehearing and Clarification Denied June 4, 1990.
Certification Denied June 4, 1990.
Dan Cytryn of Law Offices of Dan Cytryn, P.A., Lauderhill, for appellant.
Joel Bernstein and Henry T. Wihnyk of Conroy, Simberg & Lewis, P.A., Hollywood, for appellee.

SUBSTITUTED OPINION ON MOTION FOR REHEARING
FRANK, RICHARD H., Associate Judge.
Josephine Calloway sued Dania Jai Alai Palace claiming negligence after she slipped and fell on an exit ramp outside the building. She sustained injuries to her knee, incurred substantial medical bills, and lost approximately nine months of wages. The jury returned a verdict in an amount less than her medical bills and equally apportioned the negligence between Calloway and the Palace. We have considered each of the five issues Calloway has raised on appeal. We find that two of these  the exclusion of some of the prior accidents at the Palace and the trial court's commentary concerning an expert witness  do not require reversal. We do find, however, that the trial court improperly refused to instruct the jury on the collateral *809 source doctrine and that it erred in not finding the verdict inadequate and the result of compromise. We reverse and vacate the final judgment and the order taxing costs against Calloway.
The trial court was mistaken when it refused to give the collateral source rule jury instruction after evidence of collateral source benefits was submitted at trial. Goodman v. Roma Construction Company, Inc., 537 So.2d 597 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989). Because it was Calloway who introduced over $15,000 in medical bills, many of which contained references to her private insurance carrier or to insurance in general, the trial court refused to give Florida Standard Jury Instruction (Civil) 6.13, which states:
You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits] which (claimant) may have received from his [employer] [insurance company] [or some other source].
The collateral source doctrine allows an injured party to collect full damages, irrespective of coverage or payment for any element of the damages by any source other than the tortfeasor. Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963). The principle behind the rule is that it is better for the wronged plaintiff to receive a potential windfall than for the tort-feasor to be relieved of responsibility for the wrong. Walker v. Hilliard, 329 So.2d 44 (Fla. 1st DCA 1976). Moreover, the collateral source rule is not a rule of evidence that can be waived but a substantive rule of law that cannot be avoided even if it is the injured party who introduces the evidence of collateral compensation. Parker v. Wideman, 380 F.2d 433 (5th Cir.1967). Obviously, the only way to protect against the jury considering the collateral source and deducting it from its award of damages is to give the requested instruction.
As we stated in Snedegar v. Arnone, 532 So.2d 717, 719 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 199 (Fla. 1989),
[the] jury here was not apprised of all the pertinent law... . When an erroneous instruction is given, the proper test is not whether the jury was actually misled, but whether the jury might reasonably have been misled.
Failure to give the requested instruction was reversible error. See Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988), rev. denied, 531 So.2d 1354 (Fla. 1988).
The absence of the collateral source instruction arguably affected another issue raised by Calloway  the inadequacy of the jury's verdict. Calloway introduced uncontroverted medical bills and lost wages in amounts exceeding $13,000 and $9,000, respectively. The jury, however, awarded her less than half of that total  $10,000. She contends that the verdict is grossly inadequate under the standard announced in Griffis v. Hill, 230 So.2d 143 (Fla. 1970), and that no jury of reasonable persons could have returned that verdict unless it failed to consider all elements of her damages. Jury verdicts have been held inadequate in any number of cases where the award is equal to or less than the uncontroverted medical bills. See Griffis v. Hill; Borges v. Jacobs, 483 So.2d 773 (Fla. 3d DCA 1986); Skelly v. Hartford Casualty Insurance Co., 445 So.2d 415 (Fla. 4th DCA 1984); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971).
The record reveals that Calloway suffered permanent injury, pain and suffering, and lost wages. Her treating physician testified that her medical bills were reasonably and necessarily incurred as a result of her fall at Dania Jai Alai, and Dania's doctor could not say that any portion of her medical expenses was unnecessary. Because the amount of her medical bills and lost wages was uncontroverted, the jury's verdict was inadequate as a matter of law. See Gonzalez v. Westinghouse Electric Corp., 463 So.2d 1229 (Fla. 4th DCA 1985).
Retrial is absolutely necessary on the issue of damages. We are also convinced that retrial of the liability issue is warranted in the light of that aspect of the case having been vigorously contested. There were no eyewitnesses to Calloway's *810 fall; she does not know what caused her to trip. Both sides presented conflicting expert testimony. It is highly probable that the jury was unable to decide with certainty who was at fault thus compromising the verdict which evenly apportioned negligence.
Here, as in Rivera v. Aldrich, 538 So.2d 1390, 1392 (Fla. 3d DCA 1989), the liability of the parties was equivocal, with the result that it is more than merely conceivable that the jury "interwove the issues of liability and damages on the verdict form in an inconsistent way, suggestive of a compromise on liability, possible confusion on the law of damages, or both."
The court in Rivera followed the principles set out in 1661 Corporation v. Snyder, 267 So.2d 362, 364 (Fla. 1st DCA 1972):
To grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise by the jury on the issue of liability.
We are persuaded that the failure of the trial court to instruct on the collateral source rule caused the jury to award a sum less than Calloway's medical expenses and lost wages, plausibly an outgrowth of confusion on the liability issue resulting in a compromised verdict. "[W]hen the damage award is clearly inadequate and the issue of liability is hotly contested[, s]uch circumstances give rise to a suggestion that the jury may have compromised its verdict." Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256, 257 (Fla. 3d DCA 1985).
Based upon the foregoing, we remand for a new trial on all issues.
DOWNEY, J., concurs.
DELL, J., concurs in part and dissents in part with opinion.
DELL, Judge, concurring in part and dissenting in part.
I concur with the majority's conclusion that this case must be reversed and remanded for a new trial on both liability and damages. However, I respectfully disagree with the majority's conclusion that the trial court did not err when it excluded part of appellant's evidence of other accidents. Appellant offered evidence of nine other accidents on the ramp which occurred either before or after appellant's accident. The trial court admitted evidence concerning four of the accidents but ruled that the other five were dissimilar and thus inadmissible. The dissimilarities related to the location on the ramp at which the accidents occurred, and in three instances, the fact the ramp was wet at the place of the fall.
In my view, each of the excluded accidents was relevant to the issues of notice and to appellant's claims of negligent maintenance and could affect the jury's determination on the issue of comparative negligence. The dissimilarities went to the weight of the evidence rather than its admissibility. On retrial, the trial court should be instructed to reconsider the admissibility of each of the excluded accidents in the light of this court's decision in Fazio v. Dania Jai-Alai Palace, 473 So.2d 1345 (Fla. 4th DCA 1985).