563 So.2d 721 (1990)
Rose M. WATSON and Mark Watson, Her Husband, Appellants,
v.
BUILDERS SQUARE, INC., a Foreign Corporation, Appellee.
No. 88-3377.
District Court of Appeal of Florida, Fourth District.
May 23, 1990.
As Clarified on Grant of Motion for Clarification July 11, 1990.
*722 Walter C. Jones, IV, of Kocha & Jones, P.A. and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellants.
G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellee.
GARRETT, Judge.
Appellants seek a new trial. We write to address their claims as to the inadequacy of the verdict and the relevancy of their contact with an attorney. We affirm as to all other issues.
Appellant Rose Watson (Mrs. Watson) went to appellee's do-it-yourself warehouse to purchase steel studs. As one of appellee's employees helped her select the right length studs, the vertical stack slid and knocked Mrs. Watson against an iron bar on the loading cart. Her injured back required surgery.
At trial appellants proved that Mrs. Watson suffered a permanent injury which affected her ability to work. Her past medical bills totalled nearly $20,000 and she needed future medical care. Appellee's counsel elicited testimony from Mrs. Watson that she had seen an attorney three days after the accident.
The jury awarded Mrs. Watson $20,000 for past medical bills, but nothing for pain and suffering, loss of earning capacity or future medical expenses. They also found that she was 90% contributorily negligent. The trial judge asked the jury to reconsider its verdict when she saw that no award had been made for appellant Mark Watson's loss of consortium claim. The jury then awarded him $5,000.
We reverse and remand for a new trial as to the issue of damages. We find that only a jury of unreasonable persons would not have compensated Mrs. Watson for her pain and suffering, loss of earning capacity and future medical expenses. We can only conclude that the jury failed to consider all the elements of her damages. See Griffis v. Hill, 230 So.2d 143 (Fla. 1970). As we stated in Calloway v. Dania Jai Alai Palace, Inc., 560 So.2d 808 (4th DCA 1990) (quoting Rivera v. Aldrich, 538 So.2d 1390, 1392 (Fla. 3d DCA 1989)), "it is more than merely conceivable that the jury `interwove the issues and liability and damages on the jury form in an inconsistent way, suggestive of a compromise on liability, possible confusion on the law of damages, or both.'" Id. 560 So.2d at 810.
We also reverse and remand for a new trial as to the issue of liability. As in this case, when a damage award is clearly inadequate and the issue of liability is hotly contested, such circumstances give rise to a suggestion that the jury may have compromised its verdict. See Timmy Wood Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256, 257 (Fla. 3rd DCA 1985). We adopt the language of our sister court in 1661 Corporation v. Snyder, 267 So.2d 362, 364 (Fla. 1st DCA 1972):
To grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise on the issue of liability.
We find that the trial judge abused her discretion when she admitted evidence of the Watsons' post accident contact with their attorney. The evidence was irrelevant and should be excluded at the retrial as no basis exists for appellee to prove *723 appellants' litigiousness. Cf. Zabner v. Howard Johnson's Inc. of Fla., 227 So.2d 543 (Fla. 4th DCA 1969) (reversible error to admit evidence of fifteen prior lawsuits).
Accordingly, we reverse and remand consistent with this opinion for a new trial as to the issues of liability and damages.
GUNTHER and POLEN, JJ., concur.

ON MOTION FOR CLARIFICATION
ORDERED that appellants' motion for clarification is granted. The "[w]e affirm as to all other issues" part of our May 23, 1990 opinion is clarified as follows:
We affirmed as to appellants' Point I on appeal for several reasons.

F.S. 90.407
The trial judge did not commit reversible error when, pursuant to Section 90.407, Florida Statutes (1989), she excluded the following deposition testimony of Gary Spardello offered by appellants:
Q: Was there a chain or series of chains that was used to hold them [the metal studs] in place?
A: Yes, after; we put up a chain after the incident.
Q: After the incident.
A: Yes.

IMPROPER IMPEACHMENT
Even if admissible as an exception to section 90.407, as stated in Erp v. Carroll, 438 So.2d 31, 39 (Fla. 5th DCA 1983):
Notwithstanding that present section 90.608(2) eliminates the necessity of surprise in order to use [other evidence] to impeach an adverse witness, we believe the following statement from Foremost Dairies, Inc. of the South v. Cutler, 212 So.2d 37 (Fla. 4th DCA 1968), is still applicable and especially in this case:
A party will not be permitted to put a witness on the stand knowing that this testimony will be adverse and claim surprise in order to impeach such witness. This is particularly true when the procedure is nothing more than a device to get into evidence before the jury that which would otherwise be inadmissible.

F.S. 90.403
Even if Spardello's testimony was admissible as impeachment of the deposition testimony of Fred Sell and Michael Light, such testimony (as all evidence) was also subject to the provisions of section 90.403, Florida Statutes (1989). The probative value of Spardello's excluded testimony was substantially outweighed by the danger of unfair prejudice.

CUMULATIVE
Even if Spardello's testimony was proper impeachment and its probative value outweighed the danger of unfair prejudice, such testimony was cumulative. Another portion of Spardello's deposition testimony impeached Sell and Light on the same factual issue as follows:
Q: How were they [the metal studs] secured so that they would not fall?
A: There was no  there was nothing at that time to secure them.