610 So.2d 528 (1992)
Barbara NEWALK, Appellant,
v.
FLORIDA SUPERMARKETS, INC., Appellee.
No. 91-3015.
District Court of Appeal of Florida, Third District.
December 1, 1992.
Rehearing Denied January 26, 1993.
*529 Rhea P. Grossman, Miami, Rosen & Switkes, Miami Beach, for appellant.
Hicks, Anderson & Blum, Miami, and Alyssa Reiter, Fort Lauderdale, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
NESBITT, Judge.
Barbara Newalk was purchasing groceries at a Florida Supermarkets, Inc., Pantry Pride store. She claimed that as she proceeded through the checkout line she slipped and fell on "some kind of substance" which felt slippery and greasy. She immediately heard a crack and felt pain in her right thigh. Thereafter, surgery was performed and a steel rod and screws were implanted. Newalk was out of work for four months, then returned part time, but because of accumulated sick leave lost only several hundred dollars in wages. Florida Supermarkets defended the suit on the basis of fault and offered no contradictory evidence as to the severity of Newalk's injuries or the amount of her medical expenses. After Newalk rested her case, the market moved for a directed verdict on liability. That motion was denied. The defendant rested without challenging any medical testimony. Without objection, or reservation, Newalk had placed in evidence past medical bills of $31,861.90.
The jury's verdict split liability 50/50 between Newalk and Florida Supermarkets and awarded her $600 for "medical expenses and lost earnings or earning ability in the past," plus $1,000 present value of future lost wages and medical bills, $5,000 for past pain and suffering and $5,000 for future pain and suffering. Newalk moved for an additur of $31,861.90 for uncontested past medical and hospital expenses or a new trial on damages. Her motion was denied. Newalk appeals the damages awarded, claiming inadequacy. Florida Supermarkets cross-appeals claiming error in the denial of its motion for directed verdict and also argues that a new trial, if ordered, would have to be on the liability issue as well as the issue of damages.
At the time of the injury, Newalk was in the market with a male friend. He testified that he was in the market in the checkout line several feet behind Newalk when she slipped. He claimed he had noticed black oil "sprinkles" "that appeared old" on the floor at the location where Newalk fell.
In order to recover for injuries in a "slip and fall" accident, the plaintiff must show either actual notice of the dangerous condition or that the condition existed for such a length of time that in the exercise of ordinary care the owners should have known of it and taken action to remedy it or to guard the plaintiff from harm therefrom. Evens v. Eastern Air Lines, Inc., 468 So.2d 1111 (Fla. 1st DCA 1985); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075, 1076 (Fla. 3d DCA 1983), review denied, 447 So.2d 889 (Fla. 1984). The latter standard, known as constructive notice, may be proven by circumstantial evidence. Nance; Camina v. Parliament Ins. Co., 417 So.2d 1093, 1094 (Fla. 3d DCA 1982). Newalk's friend's testimony that oil spots were on the floor and that the spots appeared old was at least some evidence indicating the unidentified spots were present for a sufficient length of time for the owners in their exercise of reasonable care to have acted to remedy the condition. Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973) (jury question where plaintiff claimed to have slipped on leaf that was wilted and dirty); Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976) (jury question where substance plaintiff claimed to have slipped on was thawed frozen orange juice, indicating time enough to thaw).
*530 Thus, because the testimony of Newalk's friend was at least some evidence of negligence, we conclude the question of the market's liability properly went to the trier of fact. Here, it was up to the jury to conclude whether the substance had been on the floor for a sufficient length of time that the owner should have known of the condition and corrected the condition regardless of who created it. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987).
Incongruously, in the face of unrefuted evidence as to the medical expenses Newalk incurred, the jury awarded only past lost wages. Newalk claims this award requires either an additur in the amount of medical expenses, or a new trial on damages alone. The supermarket argues that considering the instant facts if we conclude the case should be sent back to the trial court for retrial on damages, there must also be a retrial on liability. We conclude that the jury was clearly torn on the issue of liability and there is the possibility that they may have compromised the verdict in order to reach a decision. The issue of liability was hotly disputed by the parties and struggled over by the jury. Because the jury's award of less than the stipulated amount of medical bills may reflect a compromise verdict, a new trial on all issues is mandated. See Lindenfield v. Dorazio, 606 So.2d 1255 (Fla. 4th DCA 1992); Broward County School Bd. v. Dombrowsky, 579 So.2d 748 (Fla. 4th DCA 1991); Borges v. Jacobs, 483 So.2d 773 (Fla. 3d DCA 1986); Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256 (Fla. 3d DCA 1985) (where damage award was clearly inadequate and liability was hotly contested, suggestion of compromise verdict arose, requiring new trial on liability and damages).
Accordingly, the order under review is reversed and the case remanded for retrial on both liability and damages.