PER CURIAM.
The plaintiff, Anat Azriel, contends that the trial court abused its discretion by denying her motion for new trial. We agree.
Prior to the commencement of trial, the plaintiff moved in limine to prohibit the defense or any witness from mentioning that she was in this country illegally. The trial court granted the motion.
At trial, the defense violated the motion in limine on several occasions. For example, defense counsel asked the plaintiff whether she was “in this country illegally.” The plaintiff objected to this question and to other questions or statements that also violated the motion in limine. Additionally, the plaintiff moved for mistrial based on the violation of the motion in limine. The trial court denied the motion for mistrial. Thereafter, the jury returned a verdict in favor of the defendant. The plaintiff moved for a new trial, but the trial court denied the motion.
Because the violation of the motion in li-mine was so prejudicial as to deny the plaintiff a fair trial, Fischman v. Suen, 672 So.2d 644 (Fla. 4th DCA 1996); Ratley v. Batchelor, 599 So.2d 1298 (Fla. 1st DCA 1991), we find that the trial court abused its discretion by denying the plaintiffs motion for new trial. This case is reversed and remanded for a new trial, and because the above issue is dispositive, we do not address the remaining points raised by the plaintiffs appeal..
Reversed and remanded.