949 So.2d 1158 (2007)
Brian STREET, James Cohen and Boca Developers, Inc., Appellants,
v.
H.R. MORTGAGE & REALTY CO., Henry Rodstein, Deerfield Land Holdings III, Inc., Deerfield Beach Developers, Ltd., and Aventura Land Holding II, Ltd., Appellees.
No. 4D05-4558.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., and Maurice M. Garcia of Greenspoon Marder, P.A., Fort Lauderdale, for appellants.
Joel S. Perwin of Joel S. Perwin, P.A., Miami, and Howard D. Dubosar of Dubosar & Dolnick, P.A., Boca Raton, for appellees H.R. Mortgage & Realty Co. and Henry Rodstein.
STEVENSON, C.J.
The instant case involves a lawsuit to collect a mortgage broker's commission. Appellees, H.R. Mortgage & Realty Co. and Henry Rodstein, sued Brian Street, James Cohen and Boca Developers, Inc., for breach of a contract to pay a commission for procuring financing from Bank United for a commercial real estate development project called "the Peninsula."[1] *1160 The jury found in favor of the brokers and awarded damages for the lost commission in the amount of $375,000 against all three appellants. After the jury verdict was rendered, the trial court denied the appellants' motions to set aside the verdict and for new trial and granted the appellees' motion for additur  increasing the award to $550,000. We reverse the order denying Street and Cohen a new trial on both damages and liability, and also find that Boca Developers, Inc., was entitled to a directed verdict.
The brief factual summary which follows has been taken from the evidence at trial, interpreted in the light most consistent with the jury's verdict. At the time of the trial, Rodstein owned H.R. Mortgage & Realty Co. and was in the business of procuring financing for commercial projects. Street and Cohen were involved together in a number of transactions to develop commercial property. Street and Cohen were also shareholders of Boca Developers, Inc., a Florida corporation that owns the trade name "Boca Developers." As early as 1995, Rodstein had entered into an on-going relationship with Street and Cohen, who were "acting on behalf of various entities," wherein Rodstein would be paid a commission of a certain amount whenever he was asked to obtain financing for any of Street and Cohen's real estate projects. Later, during their business relationship, Street, on behalf of himself and Cohen, asked Rodstein to work on the acquisition of land and construction loans for the Peninsula project. The Peninsula is a 200-plus-unit condominium development project in Aventura, Florida. Because of Rodstein, Mr. Leider of Bank United became interested in the Peninsula, and through the continuing efforts of Rodstein, Bank United became a participating lender in the $110,000,000 construction loan for the project. The evidence at trial suggested that the agreement between Rodstein, Street and Cohen was that Rodstein would be paid a commission of $550,000 if he was successful in procuring the $110,000,000 in financing. The jury awarded Rodstein and his mortgage brokerage company $375,000 in damages.
After the jury verdict, appellants filed a motion for new trial and motion to set aside the verdict on the basis that the damages were inadequate and reflected a compromised verdict. At the hearing on the motion to set aside the verdict, appellants' counsel conceded that a sum of $550,000 was "the only damages that could have been awarded." However, appellants argued that the trial court's only recourse was to set aside the verdict and grant a new trial on damages and liability because "it [wa]s plainly apparent from the record . . . that the damages [we]re inadequate and that the issue of liability was hotly contested." The trial court agreed that if the damages were inadequate and the issue of liability was hotly contested, appellants would be entitled to a new trial on liability and damages. The trial court determined, however, that whether the issue of liability was hotly contested did not depend on whether the parties hotly contested liability, but whether the jury did. The trial court stated: "This Court determines that the evidence must show that liability was a hotly contested issue by the jury, which coupled with an inadequate award of damages, suggests that the jury compromised its' verdict. Turning to the facts of this case, the Court cannot so find." The court went on to deny the motion for new trial and motion to set *1161 aside the verdict, finding that "[l]iability was never an issue with this jury which found both equitable and legal liability." Subsequently, the trial court granted the appellees' motion for additur and increased the damages award from $375,000 to $550,000.
Florida Statutes section 768.74(1) authorizes trial courts to review the amount of awarded damages "to determine if such amount is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact." Section 768.74(4) further requires that "[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." The First District commented in 1661 Corp. v. Snyder, 267 So.2d 362, 364 (Fla. 1st DCA 1972), that
[t]o grant a new trial on the issue of damages alone, it must appear that on the evidence adduced at the trial the liability of the defendant was unequivocally established without substantial dispute and the inadequacy of the verdict was induced by a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not as a result of a compromise by the jury on the issue of liability.
In Watson v. Builders Square, Inc., 563 So.2d 721, 722 (Fla. 4th DCA 1990), this court stated that a new trial on both liability and damages is appropriate "when a damage award is clearly inadequate and the issue of liability is hotly contested, [because] such circumstances give rise to a suggestion that the jury may have compromised its verdict." "A trial court's determination regarding additur may be reversed on appeal only where there is a clear abuse of discretion." Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998).
In the instant case, since the parties essentially agree that the damages awarded were clearly inadequate, the issue becomes whether liability was hotly contested, thus suggesting that the jury compromised its verdict. See Watson. We disagree with the trial court's determination that liability must be hotly contested by the jury and not simply by the parties. Although there is no precise definition for the phrase "hotly contested," the cases support the appellants' contention that a party seeking a retrial on both damages and liability is not limited to proving that liability was hotly contested by the jury. In Calloway v. Dania Jai Alai Palace, Inc., 560 So.2d 808 (Fla. 4th DCA 1990), Calloway was injured in a slip and fall at Dania Jai Alai Palace, and the jury awarded her less than half of her uncontroverted medical bills and lost wages. This court held that retrial on damages was necessary and further explained that "retrial of the liability issue is warranted in the light of that aspect of the case having been vigorously contested. There were no eyewitnesses to Calloway's fall; she does not know what caused her to trip. Both sides presented conflicting expert testimony." Id. at 809-10. The court went on to state that "the liability of the parties was equivocal, with the result that it is more than merely conceivable that the jury `interwove the issues of liability and damages on the verdict form in an inconsistent way, suggestive of a compromise on liability, possible confusion on the law of damages, or both.'" Id. at 810 (quoting Rivera v. Aldrich, 538 So.2d 1390, 1392 (Fla. 3d DCA 1989)). Although the jury's probable struggle with the liability issue was noted, we do not read Calloway as having held that a party must show that liability was hotly contested by the jury, as well as by the parties.
Other Florida cases also support the conclusion that liability need only be hotly *1162 contested by the parties, and within the evidence in the record, in order for the trial court to grant a new trial where the damages are shown to be clearly inadequate. In Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256, 257 (Fla. 3d DCA 1985), the Third District reversed for a new trial on damages and liability where the damages were clearly inadequate and the question of liability was "a close one" since evidence in the record supported both parties' arguments. In Newalk v. Florida Supermarkets, Inc., 610 So.2d 528 (Fla. 3d DCA 1992), the plaintiff sued when she slipped and fell in a Pantry Pride store. The jury evenly apportioned negligence between Newalk and Florida Supermarkets. In the face of undisputed evidence as to Newalk's medical expenses, the jury awarded damages for past and future medical expenses and lost earnings. The trial court denied Newalk's motion for additur. On appeal, the Third District concluded that the damages were clearly inadequate and that a new trial on damages and liability was necessary because "[t]he issue of liability was hotly disputed by the parties and struggled over by the jury." Id. at 530. In concluding that a new trial was warranted on damages and liability, the Newalk court considered both the fact that the 50/50 verdict suggested the jury was "torn on the issue of liability" and the fact that the issue of liability was "hotly disputed" by the parties. Id. We acknowledge that Newalk stands for the proposition that the jury's verdict itself could shed light on whether the issue of liability was hotly contested in a given case.[2]
The appellees contend that since the instant case involves "a single measure of quantifiable damages," we must presume the jury simply made a mistake. Here, it is impossible to know if the jury agreed to a compromise or made a mistake and accidentally gave the appellees $375,000 instead of $550,000. The court in Timmy Woods Beverly Hills stated:
A rule which requires a complete new trial when liability is close and damages clearly inadequate prevents appellate courts from having to engage in the type of post-hoc mind-reading which would be necessary to decide whether the jury was confused, in which case a new trial on damages alone would be adequate, or compromising, which would require a new trial on liability as well.
475 So.2d at 258 n. 5. Indeed, case law does not require actual proof that the jury did compromise its verdict. For example, in Broward County School Board v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991), the plaintiff, a student, sued the school board because he was struck and injured by a golf cart he alleged was being negligently driven by a teacher on school premises. The jury found in favor of the plaintiff, but awarded only $1,672 in medical expenses even though the unrefuted amount of his medical bills was $8,671. This court held that a new trial on liability and damages was necessary because "there [wa]s some suggestion" that the jury may have compromised on the verdict in light of the "hotly contested evidence of liability" and the jury's decision to give just a small award of damages. Id. at 750; see also Cowen v. Thornton, 621 So.2d 684, 687 (Fla. 2d DCA 1993) (reversing for a new trial on damages and liability and stating that an inadequate award of damages when liability is "vigorously" contested "gives rise to a suspicion that the jury may have compromised its verdict").
*1163 In the instant case, we must reverse the denial of the motion to set aside the verdict and motion for new trial because the trial court used the wrong standard in denying the motions based upon its determination that it could only grant a new trial on liability and damages if liability was hotly contested by the jury, and not simply by the parties or within the evidence. We do not know what conclusion the trial court would have reached had the proper standard been used since liability was indeed contested in this case. The parties disputed whether Rodstein was the procuring cause of the Peninsula construction loan and whether an oral contract even existed for this project. We do know that whatever conclusion the trial court would reach, using the proper standard, would be subject to reversal only upon a clear abuse of discretion. See Aurbach, 721 So.2d at 758. Thus, we reverse and remand for the trial court to reconsider the motions for new trial and to set aside the verdict consistent with the discussion herein.
We also agree with appellants' argument that the trial court should have granted a directed verdict on liability for Boca Developers, Inc., since there was no competent, substantial evidence that Boca Developers was formed by Cohen and Street for the Peninsula project or that Cohen and Street entered into their oral agreement to pay Rodstein a broker's commission while acting on behalf of Boca Developers, Inc. Thus, there was simply no basis in the record to support the finding that Boca Developers was obligated to pay all or part of the broker's commission to the appellees. We have carefully considered the myriad of other issues briefed in this appeal, but find no reversible error beyond that discussed herein. Accordingly, this case is remanded for further proceedings consistent with this decision.
Affirmed in part, Reversed in part, and Remanded.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] H.R. Mortgage and Rodstein also sued Deerfield Land Holdings III, Deerfield Beach Developers and Aventura Land Holdings II, but those parties are not involved in this appeal.
[2] In the instant case, the jury indicated in one of its notes to the judge that they were "firmly in agreement with [their] verdict." We do not believe, however, that this comment precludes the idea that liability was hotly contested during the deliberations.