PER CURIAM.
The plaintiff appeals the trial court’s denial of his motion for new trial. He primarily argues that defense counsel’s violation of an order granting a motion in limine, in combination with other improper statements by defense counsel, warrant a new trial. We agree with the plaintiffs argument and reverse for a new trial.[1]
Defendant Palmer, an employee of defendant Groupware International, Inc., ran a stop sign and collided with the plaintiffs car. The plaintiff brought a negligence and vicarious liability action against the defendants to recover damages for his injuries.
Before trial, the plaintiff filed a motion in limine to preclude the defense from introducing evidence that he contacted an attorney on the day of the accident. That attorney referred the plaintiff to a doctor who examined and treated the plaintiff the following day. The plaintiff surmised, based on deposition testimony, that the defense would seek to introduce evidence of when he contacted an attorney by asking all of his treating doctors, including the first treating doctor, if they knew that he had an attorney before he saw the first treating doctor on the day after the accident. In support of his motion in limine, the plaintiff relied upon our decision in Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990). There, we held that a trial court abused its discretion when it admitted evidence that the injured plaintiff had seen an attorney three days after the accident. Id. at 722.
The defense agreed that it sought to introduce evidence that the plaintiff contacted an attorney on the day of the accident. According to the defense, the fact that the plaintiff contacted an attorney on the day of the accident, before he knew whether he suffered a permanent injury, created an issue as to whether he suffered a permanent injury.
After hearing arguments, the trial court granted the motion by stating “[the plaintiff’s] objection’s sustained.”
During cross-examination of one of the plaintiffs treating doctors, defense counsel asked “Did you know that before seeing [the first treating doctor] that [the plaintiff] had an attorney?” Plaintiffs counsel objected and asked to come sidebar. At sidebar, the following exchange occurred:
Plaintiffs Counsel: ... That was a motion in limine.
Defense counsel: It was not a motion in limine.
Plaintiffs counsel: You said [defense counsel] wasn’t allowed to get into when [the plaintiff] hired an attorney.
Defense counsel: That’s not my recollection of the order.
Plaintiffs counsel: That was exactly the order ... You told [defense counsel] no. There is case law on point. At this point I would like you to ... admonish [defense counsel] and I would like you to do a curative instruction....
Defense counsel: My recollection of the order was when the lawsuit was filed, that was my understanding.
*1173 Plaintiffs counsel: Then he wasn’t paying attention, Judge. We specifically addressed this. There is a Fourth District case on point.
[[Image here]]
Court: ... I went back to my desk to make sure that the case that had been given to me, when we were discussing the issue of lawsuits and attorneys.... And this case is Watson v. Builders Square. And, in fact, what it talks about is in a personal injury action, evidence that the plaintiff had seen an attorney three days after the accident was inadmissible. The case was dealing with when somebody sees an attorney. That was the issue that was discussed and I will give this jury a curative instruction.
[[Image here]]
I think this [curative instruction] says it — “The prior question was the subject of a pretrial hearing. When [the plaintiff] hired a lawyer is not a subject for your consideration. You are to disregard that question.”
Defense counsel: I apologize for my misunderstanding of the Court’s prior ruling.
Plaintiffs counsel: Judge, I hate to do this, but I need to, at least, request a mistrial at this point as much as I don’t want to, as a sanction for violating this Court’s order. You can reserve and see what the jury does. That’s within your prerogative and maybe we will deal with it post trial.
Court: What is your response to the request for mistrial?
Defense counsel: I think it’s unnecessary. I think a curative instruction is sufficient.
Court: Right now I’m going to give the curative instruction and take your motion under advisement.
After the jury returned a verdict in an amount less than the plaintiff requested, he moved for a new trial. The plaintiff argued that defense counsel’s violation of the order granting the motion in limine, in combination with other improper statements by defense counsel, was so prejudicial that it required a new trial. The trial court denied the motion.
This appeal followed. The plaintiff primarily argues that defense counsel’s violation of the order granting the motion in limine, in combination with other improper statements by defense counsel, constitutes reversible error. We review the denial of the motion for new trial for an abuse of discretion. See Philip Morris USA, Inc. v. Naugle, 103 So.3d 944, 948 (Fla. 4th DCA 2012) (citation omitted) (“In reviewing a trial court’s grant or denial of a motion for new trial, this court applies an abuse of discretion standard.”).
We agree with the plaintiff’s argument. The trial court properly granted the plaintiffs motion in limine based upon Watson. Defense counsel violated the order. The question is whether defense counsel’s violation of the order is so prejudicial that it requires a new trial. See Azriel v. La Marca, 722 So.2d 952, 953 (Fla. 3d DCA 1998) (“Because the violation of the motion in limine was so prejudicial as to deny the plaintiff a fair trial, we find that the trial court abused its discretion by denying the plaintiffs motion for new trial.”) (internal citations omitted).
Based on our review of the totality of the record, we conclude that defense counsel’s violation of the order granting the motion in limine, in combination with other improper statements by defense counsel, is so prejudicial that it requires a new trial.
First, from our review of the record, we cannot see how defense counsel “misunderstood” the trial court’s order *1174 granting the motion in limine. This is especially true because plaintiffs counsel expressly argued Watson in support of the motion in limine. Moreover, defense counsel made improper statements at other stages of the trial. During cross-examination of the same treating doctor, defense counsel asked if he saw photographs of the vehicles involved in the accident. The doctor responded yes. Defense counsel then asked: “Did you know it was [the plaintiffs] father that took those lawsuit photographs?” (emphasis added). The plaintiff objected. The trial court sustained the objection. During opening statement, defense counsel referenced the fact that defendant Groupware was a subcontractor of Comcast, a well-known national company offering cable television and internet services. Defense counsel then commented: “And at first you are going to say when you look at the evidence, Comcast has nothing to do with the case. But maybe the evidence is going to show you that Comcast is the reason for this case.” The plaintiff objected. The trial court sustained the objection.
The plaintiff did not move for a mistrial after each of these objections were sustained, thus not preserving those errors. See Grau v. Branham, 761 So.2d 375, 378 (Fla. 4th DCA 2000) (“Generally, when a court sustains a party’s objection, that party must ... move for a mistrial to preserve appellate review of that objection.”) (citation omitted). Nevertheless, “unpre-served error can be considered with the preserved error in order to evaluate whether the preserved error is harmless.” Linic v. State, 80 So.3d 382, 393 (Fla. 4th DCA 2012) (citations omitted).
Considering the cumulative effect of the two unpreserved errors with the violation of the order granting the motion in limine, as well as the strong possibility that the violation was intentional, we cannot say that the violation was harmless. See Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011) (“To avoid a new trial, the beneficiary of the error in the trial court must show on appeal that it is more likely than not that the error did not influence the trier of fact and thereby contribute to the verdict.”).
In sum, we are reminded of the words used by our sister court in Bocher v. Glass, 874 So.2d 701, 704-05 (Fla. 1st DCA 2004):
Perhaps if counsel were given free rein, he or she could build exceptional rapport with jurors, and they, in turn, would find a trial far more entertaining, far more like the television version of the lawyer’s trade. That, however, is not the function of a jury trial.... To this end, jurors in every civil trial are told by the judge:
In reaching your verdict[s], you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict[s] must be based on the evidence that has been received and the law on which I have instructed you.
Fla. Std. Jury Instr. (Civ.) 7.1. If we are interested in the integrity of the process by which a jury determines disputed facts, including damages in personal injury cases, we must not allow this instruction to become mere window dressing for a procedure that, without proper demarcation by a trial judge, can be steered all too easily into a morass of prejudice, sympathy, bias, and emotion.
Id. at 704-05 (internal citation omitted).
Based on the foregoing, we reverse and remand for a new trial.

Reversed and remanded for a new 
*1175
trial.

[2]

CIKLIN, GERBER, and CONNER, JJ., concur.

. The plaintiff also challenges the trial court’s denial of his motion for directed verdict on causation and the amount of medical charges which he incurred before trial. We affirm that denial without further discussion.

. In reaching our decision, however, we recognize the permissibility of impeaching the credibility of a medical witness with statements from the doctor’s own records that he was referred by counsel. See Katzman v. Re-diron Fabrication, Inc., 76 So.3d 1060, 1064 (Fla. 4th DCA 2011) ("A lawyer referred the patient to the physician in anticipation of litigation and therefore the physician has injected himself into the litigation.”).