Ciklin, J.,
concurring in part and dissenting in part.
I concur in the majority’s determination that the trial court erred in not entering a directed verdict on the conversion and civil theft claims. Otherwise, I respectfully dissent.
This appeal arises from the trial court’s grant of new trial based in part on its determination that the jury arrived at an improper compromise verdict. Indeed, the verdict form gave rise to a suggestion of compromise: the jury awarded damages on Naimi’s fraud claim even though the jury found in favor of the defense by accepting an affirmative defense it had raised. The amount awarded was almost equal to the award on Transcapital’s breach of guaranty counterclaim, after the jury inexplicably found the default date on the guaranty was the date of trial, thus removing the need to award prejudgment interest.
“When reviewing the order granting a new trial, an appellate court must recognize the broad discretionary authority of the trial judge and apply the reasonableness test to determine whether the trial judge committed an abuse of discretion.” Thigpen v, United Parcel Servs., Inc., 990 So.2d 639, 644 (Fla. 4th DCA 2008) (quoting Brown v. Estate of A.P. Stuckey, 749 So.2d 490, 497-98 (Fla. 1999)). “Moreover, a stronger showing has usually been required to reverse an order allowing a new trial than to reverse an order denying a motion for new trial.” Id. at 645. Based on the verdict form and the record as a whole, I find it difficult to conclude that the trial court abused its discretion in granting a new trial based on improper jury compromise. See Street v. H.R. Mortg. & Realty Co., 949 So.2d 1158, 1162 (Fla. 4th DCA 2007) (recognizing that “case law does not require actual proof that the jury did compromise its verdict,” and that it is enough if there is “ ‘some suggestion’ that the jury may have compromised on the verdict in light of the ‘hotly contested evidence of liability1 and the jury’s decision to give just a small award of damages” (citation omitted)).
Against this backdrop, I respectfully dissent with respect to Naimi’s fraud claim. The crux of his claim was that the defendants tricked him by charging him and collecting payment for an appraisal that was never performed, and then by asserting that this nonexistent appraisal valued the property Naimi was purchasing at *866 more than $14.8 million, much more than its worth.
I believe there was minimally sufficient evidence for the jury to determine the merits of the claim. Naimi testified that after decades in the nightclub business, he became involved in real estate investing in 2001. He began by purchasing lots for the construction of single-family homes. In 2005, he obtained financing for construction of four of the homes from Transcapital after meeting with Himes. Around the same time, Himes and Zedeck assisted him in obtaining a loan from Transcapital for DJS Enterprises to purchase a home in Palm Beach County. In 2007, Naimi obtained financing from Transcapital in relation to three parcels of land owned by DJS Enterprises. He did not have representation at any of the closings related to the purchases by DJS Enterprises; instead, Zedeck handled all of the closing documents.
Naimi testified that in 2008, Himes suggested that Naimi take a look at the condominium in Vero Beach. Naimi was not interested but Himes called him repeatedly. After touring the property, Naimi met with Himes and Zedeck. Himes and Ze-deck represented that they were going to “keep” twenty condominium units “for [Transcapital],” that Zedeck would “have five unit[s] himself,” and that Transcapital and Naimi would essentially be involved in a “partnership” and “make a lot of money together.” Naimi testified that Zedeck told him the appraisal for 123 units came in at more than $14.8 million. There was no such appraisal and it was undisputed that an appraisal was never performed even though Naimi was required to pay for an appraisal.
The majority contends that the principles of caveat emptor apply in this matter and Naimi therefore is without recourse. In my opinion, the evidence was sufficient for the jury to determine whether “some artifice or trick has been employed to prevent the purchaser from making independent inquiry.” Green Acres, Inc., 637 So.2d at 364. Here, there was evidence that Himes and Zedeck indicated they were also investing in the property, that they were all going to make a lot of money together, and that Zedeck represented that 123 units were appraised at more than $14.8 million, well over their true worth. This evidence, coupled with evidence that Transcapital collected an appraisal fee from Naimi even though no appraisal was ever performed, was more than sufficient for the jury to determine the merits of the fraud claim.
The majority also asserts that any evidence of a fiduciary relationship between the parties could not be considered by the trial court in determining the motion for directed verdict on the fraud claim because, the majority reasons, the jury found for the defense on the breach of fiduciary duty count. I disagree.
The trial court, being in the front row of the courtroom, was in the best position to determine if the jury’s entire verdict could not stand, in light of its finding of -an improper jury compromise. Accordingly, the trial court was free to consider the evidence related to a fiduciary relationship between the parties in determining whether it should grant a directed verdict on the fraud count. The majority usurps the trial court’s broad authority and discretion to act as it did. The trial court was in a superior position to determine if a new trial was warranted in this case and that is precisely what it concluded. I would not undercut the trial court’s prerogative in that regard and therefore I respectfully dissent.