In re Appropriation by Ohio Turnpike Commission: Kucharek et al., Appellants, v. Ohio Turnpike Commission, Appellee.

(No. 1323—Decided January 19, 1955.)

*Messrs. Christie & Hamister,* for appellants.

*Mr. Frank T. Dunbar, Jr., Mr. James L. Stegmeier* and *Mr. Dan K. Cook,* for appellee.

Doyle, P. J. This was an action brought by the Ohio Turnpike Commission to assess compensation to John and Virginia Kucharek for lands taken and residue damaged as a result of the establishment of the "Ohio Turnpike" through their property in Lorain County, Ohio. This case was tried to a jury, and a verdict of $3,500 was returned as compensation for the land taken, and $1,500 for damages to the residue.

The land owners, after judgment entry on the verdict, filed

their motion for a new trial. From this point, the record speaks as follows:

"7/1/54. Motion of property owners for new trial overruled on all grounds thereof except that the award for consequent damages to residue is $600 less than the lowest testimony of $2,100 adduced thereon; accordingly ordered that new trial be granted for that reason only, unless Turnpike Commission, within ten days after filing hereof, file its written consent to increasing such damage award $600, in which event motion for new trial overruled, in default whereof sustained * * *."

"7/8/54. Consent filed.

"7/15/54. This day this cause came on to be heard upon the motion of property owners for a new trial and it appearing to the court that the verdict and entry thereon heretofore rendered herein are erroneous in being for a smaller amount for damages to residue than the lowest testimony adduced thereon, the court upon consideration find that said verdict and the entry thereon should have been for the sum of $2,100 as damages to residue instead of $1,500.

"Ohio Turnpike Commission having filed its written consent to the addition to the verdict of the sum of $600 as damages to the residue, it is hereby ordered, adjudged and decreed that the motion for new trial by property owners be and the same hereby is overruled, and that the verdict and former entry thereon be and the same hereby is amended to add to the damages to the residue the sum of $600, making a total of $2,100 as damages to the residue, and that as so amended said verdict and the entry thereon be and the same hereby is confirmed.

"To all of which property owners except."

One of the claims of error presented by the landowners is the following:

"The court erred in overruling the landowners' motion for new trial conditioned upon Ohio Turnpike Commission agreeing to increase by the court of verdict for damages to the residue to an amount equal to lowest testimony of turnpike witnesses instead of granting new trial for gross inadequacy of verdict."

To this claim we now direct our attention.

1. It is accepted doctrine in this state that the verdict of a jury is subject to the supervision of the court, and a new trial

may be granted when the verdict returned, whether excessive or inadequate in amount, is manifestly against the weight of the evidence. Also, when the damages assessed by a jury are *excessive*, but not in a degree necessarily implying the influence of passion or prejudice, the trial court, in the exercise of sound discretion, may make the remittitur of the excess the condition of sustaining the verdict and refusing to grant a new trial. *Chester Park Co.* v. *Schulte, Admr.*, 120 Ohio St., 273, 166 N. E., 186. See also: *Bartlebaugh* v. *Pennsylvania Rd. Co.*, 150 Ohio St., 387, 82 N. E. (2d), 853; *Markota* v. *East Ohio Gas Co.*, 154 Ohio St., 546, 97 N. E. (2d), 13; *Schwer, Admx.*, v. *New York, C. & St. L. Rd. Co.*, 161 Ohio St., 15, at p. 28, 117 N. E. (2d), 696, 43 A. L. R. (2d), 606.

In the light of the rule just stated—*i. e.*, permitting a trial court to order a remittitur with the consent of the plaintiff as a condition of overruling a motion for new trial when the verdict is excessive—what should be the power of a trial court in respect to an inadequate verdict in a case involving unliquidated damages? Must we distinguish the consequences of additurs and remittiturs, or are they sufficiently alike to permit the law of remittitur to act as a precedent by analogy for additur?

The Supreme Court of the United States, in the case of *Dimick* v. *Schiedt*, 293 U. S., 474, 79 L. Ed., 603, 55 S. Ct., 296, 95 A. L. R., 1150, ruled (as found in the L. Ed. headnotes) that:

"A federal district court does not have the power, in view of the Seventh Amendment guaranteeing jury trials in such courts, to increase the amount of damages awarded by a jury to the plaintiff in an action for personal injury, without the consent of the plaintiff, although the increase is assented to by the defendant pursuant to the court's order that the plaintiff's motion for new trial be granted on the ground of inadequacy of the verdict unless the defendant would consent to an increase of the damages to a certain sum."

It is observed that the court's decision rested primarily upon the application of the provisions of the Seventh Amendment of the Constitution of the United States to the factual questions before it. The Constitution of Ohio does not contain the provisions considered by the federal court in that case, and we are therefore relieved from the necessity of determining

whether or not an additur is a method of re-examination, of a fact tried by a jury, unknown "to the rules of the common law."

We have been referred to no cases arising in this state, nor have we found any, in which a reviewing court has held that, in case of inadequate damages (one involving unliquidated damages), a new trial may be denied, provided the *defendant* consents to have judgment entered for a larger amount (fixed by the court) than the verdict of the jury.

In the absence of precedent in this state, we are satisfied to adopt a rule, and the reasons therefor, each of which has been accepted with favor in various legal circles. They are:

In the case of an excessive verdict, and the trial court refuses to grant a new trial on motion of the defendant, provided a remittitur is filed by the plaintiff, the denial of a defendant's motion is sustained on the ground that he is not prejudiced, because the judgment entered is for a less amount than a jury has already found against him; but, when the damages awarded by a jury are clearly inadequate, and the plaintiff's motion for a new trial on that ground is denied, provided the *defendant* consents to have judgment entered against him for an increased amount fixed by the court, the plaintiff, although he recovers more than the award of the jury, is thereby denied the right to have a jury pass on the amount of his actual damages.

In the first case, a jury has already awarded a sum in excess of that fixed by the court as a basis for remittitur, which at least finds some support in the early practice; while in the second case, no jury has ever passed on any increased amount, and this practice has no well-defined precedent, even under the common law.

From the adoption of the foregoing, it is obvious that this court holds that the power of a trial court to conditionally increase the verdict of a jury cannot be based upon the same reasons which support the power of a court to decrease an award, by requiring a remittitur as a condition to the denial of an application for a new trial. As a consequence thereof, we find error prejudicial to the rights of the plaintiff in his quest of securing, at the hands of a jury, adequate compensation for his lands taken, and a fair award of damages to the residue of his land. He has been denied the right of having a jury determine his actual damages.

2. Complaint is further made that the compensation and damages awarded are manifestly against the weight of the evidence.

The testimony of the expert witnesses, in respect to valuation and damages, is reflected in the following tabulation:

|  | Market Value of 17-acre tract | 3.97 acres taken | Damage to 12.97-acre residue | Market Value of residue |
|---|---|---|---|---|
| Mr. Sarnovsky | $50,054.38 | $13,417.58 | $35,346.10 | $1,290.70 |
| Mr. Heidrich | 66,061.00 | 15,538.00 | 47,523.00 | 3,000.00 |
| Mr. Hannaford | 38,798.00 | 9,126.47 | 24,753.53 | 4,918.00 |
| Mr. Kinter | 12,600.00 | 2,850.00 | 2,100.00 | 7,650.00 |
| Mr. Zeager | 12,500.00 | 2,625.00 | 2,875.00 | 7,000.00 |

An exhaustive analysis has been made of the testimony and the exhibits—including, of course, the testimony of the expert witnesses called by the respective sides; and, in consideration thereof, it is the opinion of the members of this court that the verdict rendered is manifestly against the weight of the evidence. Further, it is the judgment of this court that the award, including the unlawful addition, is not just compensation and is manifestly against the weight of the evidence, and that the cause should for this reason be reversed.

After examination of the remaining claims of error, we find none prejudicial to the rights of the appellant.

The judgment will be reversed, and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed and cause remanded.*

STEVENS and HUNSICKER, JJ., concur.