MANN, Chief Judge.
The right-of-way for U.S. 41 was widened by 50 feet in front of Mrs. Fleiss-ner’s small motel. The jury awarded her $4250 for the taking and $2800 for severance damages. As to the taking, the range of expert testimony was $5100 to $11,686. As to severance, the range was $900 to $47,314. Thus, although the total awarded Mrs. Fleissner exceeds the total of the state’s appraiser’s estimate, the jury, being required to determine spearately the value of the taking from that of severance damages, brought in a verdict for less than the minimum amount sustained by the evidence as to the taking. The appellee argues that if the total value awarded is within the range of evidence as to the elements of damage conbined, such a verdict can stand. We disagree. When both elements of damage were combined in a single verdict, a verdict beyond the range of evidence was clearly disapproved by the Supreme Court.[1] The decisions in other states where separate verdicts are required are in harmony with our view that the verdict as to the value of the taking cannot stand. In Re: Ohio Turnpike Commission, 1955, 101 Ohio App. 474, 140 N.E.2d 328; Commonwealth Dept. of Highways v. Milby-Farmer, Inc., Ky.1973, 494 S.W.2d 88; Commonwealth Dept. of Highways v. Doolin, Ky.1967, 411 S.W.2d 44.
The appellee, with admirable candor, recognizes the difficulty it has in sustaining this verdict, but argues that in any event the question to be retried is the value of the taking. If this were the only error, we might agree, but there is more.
The property owner offered one appraiser who testified as to value. This witness was an experienced and competent real estate appraiser who testified as to the difficulty which the owner of this motel would have after the taking because the motel building lies so close to the new right-of-way that it would be impossible for automobiles to park in front of the motel units. It became a crucial question whether the motel could survive this circumstance. Mrs. Fleissner tendered a witness whose experience includes the ownership and management of three motels comparable to that involved in this case, including this particular motel, which the witness and her husband had operated for four years. She was not tendered as a witness as to value. She was tendered solely as a witness on the question whether this motel could successfully operate as *549 such after the taking. This was a crucial element. As we have pointed out, the condemning authority suggested that the severance damage was only $900 while the landowner claimed it to be $47,314. The sole purpose in offering this testimony was to persuade the jury that one could not operate a motel whose patrons were obliged to park at some distance from their rooms and carry their bags to a room situated very close to the road right-of-way. The state’s appraisers offered evidence of other motels which had successfully overcome this obstacle. Under the principles laid down by our Supreme Court in Orange Belt Realty Co. v. Craver,[2] and Sullivan v. Lear,[3] we think that this witness’ testimony was erroneously excluded. See also Annotation, 159 A.L.R. 7.
There being no reason to anticipate that at the retrial of this cause the other irregularities complained of will recur, we do not treat them.
Reversed and remanded.
HOBSON and BOARDMAN, JJ., concur.

. Dade County v. Renedo, Fla.1962, 147 So. 2d 313. See also, Meyers v. Daytona Beach, 1947, 158 Fla. 859, 30 So.2d 354; Garvin v. State Road Dept., Fla.App.1st 1963, 149 So. 2d 869.

. 1893, 32 Fla. 28, 13 So. 444.

.1887, 23 Fla. 463, 2 So. 846.