CAMPBELL, Acting Chief Judge.
In this appeal from an eminent domain judgment, appellant, State of Florida, Department of Transportation, challenges the award of business and severance damages to appellees, Marcelino Casiano-Torres, Naomi Casiano and Daniel Casiano. We determine that none of the issues raised by appellant constitute reversible error and, therefore, affirm. In doing so, we comment briefly on appellant’s argument that the trial court erred in submitting to the jury the resolution of the factual dispute as to whether appel-lees’ business had been in existence for five years as required by section 73.071(3)(b), Florida Statutes (1991). We find no error in submitting that disputed factual issue to the jury with the appropriate charge that the *1126 jury must make such a factual determination prior to addressing the issue of compensation for damage to such a business. See Fleissner v. Div. of Admin., State Dep’t of Transp., 298 So.2d 547 (Fla. 2d DCA 1974).
Section 73.071(3)(a), (b) provides as follows:
(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(a) The value of the property sought to be appropriated;
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages; ....
Appellant argues that the use of the phrase, “[t]he jury shall determine solely the amount of compensation to be paid ...” (emphasis supplied), prohibits the jury from determining other factual disputes relating to the issue of damages incurred as a result of the taking and compensation therefor. We disagree. Such an interpretation ignores the remainder of the statute which establishes what “compensation” shall include and the requirements for arriving at the proper amount of compensation.
Affirmed.
PATTERSON and FULMER, JJ., concur.