867 So.2d 1264 (2004)
Donna DEKLYEN, Appellant,
v.
TRUCKERS WORLD, INC., Appellee.
No. 5D03-1480.
District Court of Appeal of Florida, Fifth District.
March 19, 2004.
*1265 H. Clay Parker of Parker & Associates, P. A., Orlando, for Appellant.
Robert E. Bonner and Donald L. O'Dell of Meier, Bonner, Muszynski, Doyle & O'Dell, P. A., Orlando, for Appellee.
ORFINGER, J.
Donna Deklyen appeals the denial of her motion for a new trial following a jury verdict in her personal injury action against Truckers World, Inc. The jury awarded Deklyen substantial past and future economic damages, but no past or future noneconomic damages. Based on the evidence presented, Deklyen contends that the verdict was inadequate or against the manifest weight of the evidence. We agree and reverse for a new trial on damages.
Deklyen, a truck driver, was injured when she tripped and fell at the Truckers World truck stop. Deklyen suffered a fractured wrist, causing the bone to protrude through her skin. She was required to undergo three surgeries involving the placement of screws, pins and plates to stabilize the fracture as well as other procedures in an effort to alleviate the pain caused by her injury. Despite the medical care, Deklyen was left with a painful, misshapen hand, and an extremely limited range of motion in her wrist.
Because of her occupation as a truck driver, Deklyen's injuries were unusually troublesome. It was undisputed that as a result of her residual impairment, she was unable to return to trucking. Even the doctors retained by Truckers World concluded that Deklyen has significant impairment in her left hand and wrist. One doctor retained by Truckers World concluded: "[D]espite attempts by physicians to treat her effectively, [it] has not resulted in a good outcome. And she has some residual restrictions with the hand." Another *1266 doctor retained by Truckers World opined that Deklyen's condition would never completely resolve, and "clearly it's going to impose on her life considerably and will never go away."
The jury verdict found Truckers World seventy percent (70%) comparatively negligent and Deklyen thirty percent (30%) at fault. The jury awarded $100,000 for past medical expenses and lost income, and an additional $60,000 for future medical expenses and loss of income, but no noneconomic damages.[1] No objection was made to the verdict at trial, however, Deklyen filed a timely motion for a new trial, contending that the damage award was inadequate or against the manifest weight of the evidence. Following the trial court's denial of that motion, this appeal ensued.
As a threshold question, Truckers World argues that the verdict, if flawed, was inconsistent, not inadequate. If Truckers World is correct, Deklyen's argument is not preserved for appeal. To preserve the issue of an inconsistent verdict for review on appeal, the party claiming inconsistency must raise the issue before the jury is discharged. If the trial court agrees, the trial court may reinstruct the jury and send it back for further deliberations. See Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002). Therefore, our analysis must begin by determining whether this verdict was inconsistent, requiring Deklyen to have asserted it prior to the jury being discharged.
In Crawford v. DiMicco, 216 So.2d 769, 771 (Fla. 4th DCA 1968), the fourth district court defined an inconsistent verdict thusly:
Where the findings of a jury's verdict in two or more respects are findings with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict. In such circumstances, contradictory findings mutually destroy each other and result in no valid verdict, and a trial court's judgment based thereon is erroneous.
"A verdict is not necessarily inconsistent because it fails to award enough money, or perhaps no money at all, for future noneconomic damages after awarding past and future medical expenses and past lost earnings. Under such circumstances, the issue is the adequacy of the award, not its consistency with any other award by the verdict." Avakian v. Burger King Corp., 719 So.2d 342, 344 (Fla. 4th DCA 1998).
Applying those principles to the facts found in the record, we see no inconsistency in the verdict. The jury made no finding of fact that was inconsistent with any other finding it made. As a result, we find no merit in the contention that Deklyen failed to preserve the issue for appellate review.
Because the verdict was not inconsistent, Deklyen was correct in challenging it in a post-trial motion for a new trial. See McCloud v. Sherman Mobile Concrete Co., Inc., 579 So.2d 773 (Fla. 2d DCA 1991). A verdict comes to an appellate court clothed with a presumption of regularity and should not be disturbed if supported by the evidence. Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109, 110 (Fla. 3d DCA 1992). Our standard for reviewing the trial court's denial of Deklyen's motion is abuse of discretion. Accordingly, if reasonable men could differ as to the propriety of the action taken by the trial court, then there is no abuse of discretion, and *1267 the order must stand undisturbed by the appellate court. See DeLong v. Wickes Co., 545 So.2d 362, 366 (Fla. 2d DCA 1989). However, the trial judge has a duty to grant a motion for a new trial when it appears the jury has been influenced by extraordinary considerations, misled by the force and credibility of the evidence, or when the verdict, as in this case, fails to comport with the manifest weight of the evidence. Surety Mortgage, Inc. v. Equitable Mortgage Resources, Inc., 534 So.2d 780, 782 (Fla. 2d DCA 1988).[2]
Here, there was considerable evidence of noneconomic damage that should have been considered by the jury. This is especially true considering that both the plaintiff and the defense experts testified that Deklyen suffered from chronic pain syndrome, carpal tunnel syndrome and a permanent disability as a result of the fall. There was no credible evidence submitted other than that demonstrating Deklyen sustained some measure of noneconomic damages.
When a damage award is clearly inadequate and the issue of liability was contested, it gives rise to a suspicion that the jury may have compromised its verdict.[3]Cowen v. Thornton, 621 So.2d 684, 687 (Fla. 2d DCA 1993) (citing Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990)). We do, however, agree that an award of economic damages, including future damages, does not, as a matter of law, require an award of noneconomic damages. As Judge Klein observed:
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow, in my opinion, that an award of future medical expenses requires an award of noneconomic damages. Our standard jury instructions do not require consistency in these verdicts. They allow a jury to return a verdict finding a permanent *1268 injury, but do not require an award of damages.
Allstate Ins. Co. v. Manasse, 681 So.2d 779, 785 (Fla. 4th DCA 1996) (Klein, J., dissenting), dissent approved, 707 So.2d 1110 (Fla.1998).
But where, as here, a jury awards the plaintiff past and future economic damages, including extensive medical expenses incurred by her, and zero damages for either past or future pain and suffering "despite indisputable evidence that the plaintiff suffered at least some pain from her injury, and uncontroverted evidence that the pain continued and would continue well after the injury, the damage award is grossly inadequate, and a new trial on the issue of damages is required." Stevens v. Mount Vernon Fire Ins. Co., 395 So.2d 1206, 1207 (Fla. 3d DCA 1981) (citing Short v. Grossman, 245 So.2d 217 (Fla. 1971); Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980); Picket v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968)).
REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES.
PETERSON and PALMER, JJ., concur.
NOTES
[1] Final judgment was entered in the amount of $112,000 after the reduction for Dekylen's comparative negligence.
[2] By enacting section 768.74, Florida Statutes (1986), the Legislature shed further light on the factors to be considered by the court in considering the adequacy of a verdict. Section 768.74(5) provides:

In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
[3] Our concern that the verdict may have been comprised is buttressed by the fact that despite an order in limine, Truckers World failed to instruct one of its physician experts not to mention Deklyen's worker's compensation claim. Although the court instructed the jury to disregard any evidence of a worker's compensation claim, we must wonder whether that consideration played into the jury's failure to award noneconomic damages in this case.