918 So.2d 352 (2005)
CAUSEWAY VISTA, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 2D04-4371.
District Court of Appeal of Florida, Second District.
December 14, 2005.
Rehearing Denied January 25, 2006.
*353 Matias Blanco, Jr., Tampa, for Appellant.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
STRINGER, Judge.
In this eminent domain case, Causeway Vista, Inc., raises twelve issues, six relating to the Order of Taking that resulted from the bench trial on the issue of condemnation and six relating to the subsequent jury trial on the issue of full compensation. We affirm the Order of Taking and five of the six issues arising from the jury trial without further comment. However, because the jury's verdict on the issue of severance damages was legally inadequate, we reverse and remand for a new trial on the issue of severance damages only.
Causeway Vista owned a parcel of real property on the north side of the Courtney Campbell Causeway. This parcel was composed of a large area of dry land and a smaller area of land that was submerged under a canal behind the property. Improvements on the dry land included several buildings and other structures, a seawall, and a boat ramp leading into the canal. Improvements on and over the submerged land included two docks.
As part of a mammoth road improvement project at the intersection of the Courtney Campbell Causeway, the Veteran's Expressway, and Memorial Highway, the Department of Transportation sought to condemn the parcel owned by Causeway Vista. After a two-day bench trial, the trial court entered an Order of Taking which allowed the Department to take the dry land portion of the parcel owned by Causeway Vista. While the trial court allowed Causeway Vista to retain ownership of the seawall and the submerged land, it granted the Department a construction easement over these areas for the time needed for construction of the road improvements, and it granted the Department a permanent maintenance easement over these areas once construction was completed.
Because the Department was permitted to take most but not all of Causeway Vista's property, the parties agreed that Causeway Vista would be entitled to both compensation for the value of the property actually taken, known as "taking damages," and compensation for the loss in value of the remaining property, known as "severance damages." When the parties were unable to agree on the amount of full compensation owed to Causeway Vista, the parties proceeded to a jury trial on that issue.
At the jury trial on the issue of full compensation, the Department's expert witnesses testified that the value of the taking damages was $1,168,500 and that the value of the severance damages was approximately $100. In contrast, Causeway Vista's expert witnesses testified that the value of the taking damages was between $2,400,000 and $2,900,000 and that the value of the severance damages was $14,000.
*354 At the close of the trial, the trial court instructed the jury on the issue of damages:
Your duty is to decide the amount of money to be paid to the owners as full compensation. The Florida Constitution provides that the owners of property taken have a right to what is called "full compensation." Full compensation includes the fair market value of the property being taken plus whatever damages result to the owners' remaining land because of the taking.
. . . .
In determining the question of full compensation that should be awarded to the owners, you must take into account, one, the value of the property actually taken from the owners and, two, the damage, if any, to the owners' remaining property caused by the taking.
Damages to the remaining property of an owner are known as severance damages, and they may consist of the following:
1. Reduction in value because of the reduced size or shape of the remaining property.
2. Reduction in value because of the use to which the Florida Department of Transportation intends to put the property actually taken.
In this case, you should determine whether or not there is any reduction in value of the submerged lands, property  Parcel 804, because of the absence of dry land access resulting from the taking.
. . . .
Now, some of the testimony before you was in the form of opinions about certain technical subjects by expert witnesses. You may accept such opinion testimony, reject it, or give it the weight you think it deserves considering the qualifications, knowledge, skill, experience, training or education of the witness, the reasons given by the witness for the opinion expressed, and all other evidence in the case.
. . . .
Your verdict must be based on a careful consideration of all the evidence and these legal instructions that I have given you, and it may not be less than the lowest value nor more than the highest value testified to by any witness in this proceeding.

(Emphasis added.)
After deliberations, the jury awarded Causeway Vista $1,319,532 on its claim for taking damages; however, the jury awarded Causeway Vista nothing on its claim for severance damages. Causeway Vista subsequently filed a motion for new trial, contending that the jury's verdict on severance damages was legally inadequate and that Causeway Vista was entitled to a new trial on damages. The trial court denied this motion, and this appeal ensued.
Because of the uniqueness of condemnation proceedings, certain rules concerning damage awards exist for these types of cases that do not apply in other types of civil actions. As to the amount of damages a jury may properly award in a condemnation case, the supreme court has explained the law as follows:
The law of this state requires a condemning authority to establish what it believes to be just compensation for the land taken. The condemning authority thus admits damages in this amount, and requires the jury to find that amount as the minimum award. The property owner on the other hand may rebut that evidence and, moreover, may come forward with evidence of additional elements of damages as provided by statute. The maximum total amount of compensation presented in evidence for *355 each element of damage by the property owner establishes the maximum amount of compensation. By the proper application of the rule adversaries admit the value of the property interest taken is neither less nor more than their respective claims.
Behm v. Div. of Admin., State Dep't of Transp., 336 So.2d 579, 581-82 (Fla.1976).
In a case involving both taking damages and severance damages, the jury is required to determine the value of the taking damages separately from the value of the severance damages. Fleissner v. Div. of Admin., State Dep't of Transp., 298 So.2d 547, 548 (Fla. 2d DCA 1974). In such a case, the jury may not return a verdict on taking damages in an amount less than the minimum amount testified to as the value of the taking. Id. Likewise, the jury may not return a verdict on severance damages in an amount less than the minimum amount testified to as the value of the severance damages. Id.
In this case, the Department admitted in its case-in-chief that Causeway Vista had suffered some severance damages because access to the seawall and submerged land would be severely restricted both during and after construction of the road improvement project, and the Department's expert valued the severance damages at $100. Given this testimony, the jury was required by the unique law applicable to condemnation cases to award Causeway Vista no less than $100 in severance damages. Behm, 336 So.2d at 581; Fleissner, 298 So.2d at 548. Accordingly, the jury's zero verdict for severance damages was legally improper and constituted an inadequate verdict.
The Department contends on appeal that this issue was not preserved for review, arguing that Causeway Vista was required to object to the verdict before the jury was discharged. However, this court has repeatedly held that the proper method to challenge an inadequate verdict is to file a posttrial motion. See, e.g., Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002); Cowen v. Thornton, 621 So.2d 684, 687 (Fla. 2d DCA 1993). This is in contrast to what is needed to challenge an inconsistent verdict, which requires an objection to the verdict before the jury is discharged. Cocca, 821 So.2d at 330; Deklyen v. Truckers World, Inc., 867 So.2d 1264, 1266 (Fla. 5th DCA 2004) (noting that a verdict which fails to award any damages in a particular category is an inadequate verdict and not necessarily an inconsistent verdict and that only an inconsistent verdict requires an objection before the jury is discharged).
Here, the zero verdict for severance damages is inadequate, not inconsistent. Therefore, Causeway Vista properly preserved the issue through its motion for new trial. Because the issue was properly preserved and the jury's verdict was legally inadequate, Causeway Vista is entitled to a new trial.
The only remaining question is the extent of the new trial that is required. Causeway Vista argued in its brief and at oral argument that it is entitled to a new trial on "damages." However, under the circumstances of this case, we hold that Causeway Vista is entitled to a new trial on the issue of severance damages only  not all damages.
In Fleissner, this court addressed the scope of a new trial on damages in an eminent domain case when the amount awarded by the jury for one element of damages was inadequate. 298 So.2d at 548. In that case, the range of expert testimony concerning the amount of taking damages was $5100 to $11,686, and the range of expert testimony concerning the amount of severance damages was $900 to *356 $47,314. The jury returned a verdict of $4250 in taking damages and $2800 in severance damages. This court noted that the jury's verdict for the taking damages could not stand because it was less than the minimum amount established by the evidence as to the taking. The Department conceded the error but argued that the case should be remanded for a new trial on the issue of taking damages only. In addressing the scope of the new trial on remand, this court stated:
The appellee, with admirable candor, recognizes the difficulty it has in sustaining this verdict, but argues that in any event the question to be retried is the value of the taking. If this were the only error, we might agree, but there is more.
Id. This court went on to discuss an error in the trial court's decision to exclude one of Fleissner's witnesses concerning the value of both the taking and severance damages. Thus, because of this additional error, this court remanded for a new trial on all damages.
In this case, however, the only error is the jury's verdict on severance damages. There are no other errors that require a new trial on the issue of the damages due for the taking. Therefore, we remand for a new trial on the issue of severance damages only.
While our holding in this case is predicated solely on the inadequacy of the severance damages award, we also perceive a problem with the jury instructions given in this case which we raise for guidance of the parties on remand and also in other condemnation cases. In this case, the instructions given on the issue of severance damages were internally conflicting and confusing. The jurors were first instructed that they should determine "whether or not there is any reduction in value of the submerged lands." They were also instructed that they could reject any or all of the testimony from the expert witnesses. Later, however, the jurors were instructed that their verdict had to be no less than the minimum value testified to by those experts. Clearly, the jury could not determine that there was no reduction in value of the submerged lands, nor could they wholly reject the testimony of the expert witnesses, if they were required to return a verdict between the minimum and maximum amounts testified to by those same experts. These instructions were facially conflicting and could easily have misled the jurors into believing that they could properly award no severance damages.
In addition, the instructions concerning the jury's discretion in determining whether Causeway Vista suffered any severance damages and in considering the experts' testimony were contrary to the law under the facts of this case. Had the Department taken the position that Causeway Vista would not suffer any severance damages, the instructions given would have been correct. Cf. Behm, 336 So.2d at 581-82 (noting that when the Department did not concede that business damages were properly owed, the jury was not required to award business damages or to agree with the property owner's expert as to the amount of those damages). However, once the Department conceded that Causeway Vista had suffered severance damages and had offered testimony as to the value of those damages, the jury no longer had the discretion to deny Causeway Vista an award of severance damages or to wholly reject the expert testimony on the issue of the amount of those damages. Therefore, on remand, the trial court must ensure that the extent of the jury's discretion is clearly explained and that any conflicting instructions on these issues are eliminated or reworded.
*357 Affirmed in part; reversed in part; remanded for further proceedings.
ALTENBERND and KELLY, JJ., Concur.