948 So.2d 36 (2006)
Carol FRASHER and Scott Frasher, Appellants,
v.
WHITEHURST FAMILY, INC., Appellee.
No. 3D05-2041.
District Court of Appeal of Florida, Third District.
December 20, 2006.
Rehearing and Rehearing Denied February 2, 2007.
*37 Homerbonner and Douglas F. Eaton, Miami, for appellants.
George, Hartz, Lundeen, Fulmer, Silsby & Galicia, and Esther E. Galicia, Fort Lauderdale, for appellee.
Before RAMIREZ, WELLS, and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied February 2, 2007.
RAMIREZ, J.
Plaintiffs Carol and Scott Frasher appeal an adverse final judgment and defendant Whitehurst Family, Inc. cross-appeals the trial court's jury instruction on a possessor of land's liability. We reverse because we conclude that the damages awarded were inadequate as a matter of law.
The Frashers sued Whitehurst alleging that Whitehurst was negligent in failing properly to maintain its property that contained the algae covered boat ramp upon which Carol Frasher slipped, fell, and fractured her right knee cap. Carol Frasher's husband, Scott Frasher, asserted a consortium claim. The undisputed evidence was that Carol Frasher's injury required two surgeries and subsequent physical therapy. Dr. Ismael Montane testified that the injury was painful, the knee cap was never going to be the same, and that it was more likely than not that Carol Frasher would suffer arthritis in the future. Scott Frasher *38 testified that, in the months immediately following the accident, he spent most of his time at home caring for his wife. He also acknowledged that his wife's injury had an effect on their intimate life.
The jury returned a verdict finding Whitehurst twenty-five percent (25%) negligent and Carol Frasher seventy-five percent (75%) comparatively negligent. The jury awarded economic damages, including $5,500.00 for lost wages and $17,500.00 for medical bills. The jury did not award any future economic damages or non-economic damages. The Frashers filed a motion for new trial on damages only and/or additur arguing that the jury's zero award of non-economic damages was inadequate as a matter of law. The court denied the motion without a hearing.
In Deklyen v. Truckers World, Inc., 867 So.2d 1264, 1266 (Fla. 5th DCA 2004), the jury found the defendant seventy percent (70%) comparatively negligent and Deklyen thirty percent (30%) at fault, awarding monies for past medical expenses and lost income, as well as for future medical expenses and loss of income, but no noneconomic damages. As in our case, no objection was made to the verdict at trial. Id. The issue was not raised until plaintiff filed her timely motion for a new trial, contending that the damage award was inadequate or against the manifest weight of the evidence. Id. The court rejected Truckers World's argument that the verdict, if flawed, was inconsistent, not inadequate. Id. If such an argument had prevailed, Deklyen's attack on the verdict would not have been preserved for appeal. Id. The case law requires that the issue of an inconsistent verdict be raised before the jury is discharged, or it is waived. Id. At that point, the trial court can still reinstruct the jury and send it back for further deliberations. Id. See also Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002).
We agree with the analysis in Deklyen and conclude that the verdict here was not inconsistent and that the judge should have granted the motion for a new trial because the verdict failed to comport with the manifest weight of the evidence.[1]Deklyen, 867 So.2d at 1267 ("When a damage award is clearly inadequate and the issue of liability was contested, it gives rise to a suspicion that the jury may have compromised its verdict."). Obviously, Whitehurst did not and could not argue that Carol Frasher's fracture produced no pain and suffering to her.
We reject Carol Frasher's position that the new trial be on noneconomic damages only. Because we are ordering a new trial based on the jury's evident mingling of the issues of liability and damages on the verdict form suggestive of compromise, it would be illogical not to try both issues upon remand. See Newalk v. Florida Supermarkets, Inc., 610 So.2d 528, 529-30 (Fla. 3d DCA 1992) (new trial on all issues required where damages award was inadequate and liability was hotly contested resulting in 50/50 liability split between plaintiff and defendant); Rivera v. Aldrich, 538 So.2d 1390, 1391-92 (Fla. 3d DCA 1989) (new trial on liability and damages required where liability not unequivocally established and jury interwove issues of liability and damages); Borges v. Jacobs, 483 So.2d 773, 775 (Fla. 3d DCA 1986) (new trial on all issues required where liability not unequivocally established and damage award was inadequate, thereby *39 representing possible compromise verdict). We also reject Frasher's argument that her husband's loss of consortium claim was also inadequate as a matter of law.
Because we are reversing for a new trial on Carol Frasher's claims, we must address the cross-appeal. The jury was appropriately instructed pursuant to the Standard Jury Instructions as follows:
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
The court, however, over defense objection, gave the following special instruction.
Where a possessor of land should anticipate the harm which may be caused by a condition on the land, he may be liable despite the obviousness of the hazard.
We find the instruction confusing. See Marks v. Mandel, 477 So.2d 1036 (Fla. 3d DCA 1985); Veliz v. American Hosp., Inc., 414 So.2d 226 (Fla. 3d DCA 1982); Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982). Additionally, it conflicts with the standard instruction. What the possessor of land should do with regard to an obvious hazard is covered in the reasonable care instruction. Carol Frasher urges that such an instruction was necessary to prevent the defense from arguing that the condition was so open and obvious as to completely relieve Whitehurst of liability. See Metropolitan Dade County v. Yelvington, 392 So.2d 911, 912 (Fla. 3d DCA 1980). We do not believe our courts should be giving preemptive instructions to the jury in anticipation of improper arguments that have not yet been made.
In conclusion, we reverse and remand for a new trial on both liability and noneconomic damages as to Carol Frasher only.
NOTES
[1] We reject the suggestion that Deklyen is distinguishable because Frasher suffered a subsequent fall approximately six weeks after the boat ramp fall. While this fact could have justified a reduction in the award for pain and suffering, it could not form the basis for a zero award.