SAWAYA, J.
 

 We are here concerned with the provision of section 768.74(4), Florida Statutes (2005), which provides that “[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.” The issue we must resolve is whether the trial court, in granting the plaintiffs motion for additur and a new trial on damages, erred in not also granting a new trial on the issue of liability.
 
 [1]
 
 We hold that under the particular facts and circumstances of this case, a new trial on liability and damages should have been ordered.
 

 In the underlying action, Shirley Mike-sell, as personal representative of the estate of her deceased husband, Walter Mikesell, brought a negligence action founded on various allegations of negligence against Westminster Community
 
 *840
 
 Care Services, Inc., which operates the nursing home facility where Mr. Mikesell resided prior to his death. In addition to general allegations regarding numerous physical injuries suffered by Mr. Mikesell while a resident at Westminster, Count I was framed as a survival action and alleged that Mr. Mikesell’s injuries and, ultimately, his death were a direct and proximate result of Westminster’s failure to provide adequate and appropriate care as required by Mr. Mikesell’s nursing home resident rights set forth in section 400.022, Florida Statutes (2001). This count sought recovery for Mr. Mikesell’s medical expenses, as well as his physical and mental pain and suffering resulting from his injuries. Count II was a wrongful death action, which alleged that Westminster and its employees were negligent in caring for Mr. Mikesell and that such negligence caused his injuries and ultimate death. Based on the allegations in Count II, Mrs. Mikesell sought to recover damages for Mr. Mikesell’s medical and funeral expenses, as well as for her own mental pain and suffering.
 

 The case proceeded to trial and, after several hours of deliberations, the jury informed the trial court that it was deadlocked. The record reveals that when discussing the matter of how to further proceed, the parties and the trial court indicated that the deliberations up to that point had been very heated. The parties agreed to have the trial court instruct the jury to continue their deliberations and, less than an hour later, the following verdict was returned to the trial court:
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Westminster Community Care Services, Inc. d/b/a Westminster Care of Clermont which was the legal cause of Walter Mikesell’s injuries?
 

 YES X NO_
 

 If your answer to question 1 is NO, your verdict is for the Defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. What is the amount of damages sustained by the Estate of Walter Mike-sell for Walter Mikesell’s pain and suffering, and medical expenses?
 

 Medical Expenses: $ 0
 

 Pain and Suffering: $ 0
 

 Sensing that this verdict was a harbinger of difficulties to follow, the trial judge momentarily excused the jury and stated to the parties: “There is going to be an issue with this verdict, so I’m telling you in advance, I probably am just going to bring them back in and let her read the verdict and probably have to excuse them again to talk about what we want to do, if anything. ...” The jury was brought back into the courtroom, the verdict was read, and the jury was polled and subsequently discharged. The court then proceeded to advise counsel that because the verdict had been rendered and the jury discharged, it would be left to counsel to decide whether to file any post-trial motions within an appropriate time. In his closing remarks to counsel, the trial judge concluded:
 

 I think the difficulty in the jury reaching a verdict shows how difficult this case is, and you know, that may also lend some credibility to the concept that maybe ya’ll ought to put your heads together and see if you can resolve this because six people sitting here six or eight hours worth of deliberations, and as you indicated earlier, some pretty furious deliberations, so not so straightforward. So you may, in the ultimate analysis, want to see if ya’ll can
 
 *841
 
 resolve it yourselves; that would be my advice to your respective clients because I thought it was a well-tried case, and I thought that the evidence was in front of the jury, and I thought they had reasonable opportunity to consider it, and so ya’ll sat here the whole time. I think you do have to agree with me, there wasn’t anything excluded. They heard the whole thing in eight hours [sic], and we’re at head-scratching time, so I think that’s a good indicator of the case that should be looked at again by ya’ll.
 

 (Emphasis added).
 

 Needless to say, a settlement was not reached. Mikesell filed a motion for addi-tur, which prompted a response from Westminster alleging that an additur was inappropriate. Westminster further requested a new trial on the issues of liability and damages in the event the motion was granted, contending that the issue of liability was hotly contested throughout the trial and a new trial in its entirety was necessary to ensure a proper verdict in the case. The trial court ultimately entered an order granting Mikesell’s motion for additur, finding that the jury verdict rendered in this case was inadequate. The trial court further found that a new trial was necessary to determine the amount of damages only. In this appeal of that order, Westminster argues that the trial court erred in not ordering a new trial on both liability and damages.
 
 [2]
 

 Section 768.74 authorizes the trial court to grant an additur where the court determines that the award of damages is “inadequate in light of the facts and circumstances which were presented to the trier of fact.” § 768.74(1), Fla. Stat. (2005). The statute further provides, “If the party adversely affected by such remittitur or addi-tur does not agree, the court shall order a new trial in the cause on the issue of damages only.” § 768.74(4), Fla. Stat. (2005). Here, Westminster expressed that it did not and would not agree to the requested additur. Therefore, a new trial on the issue of damages is clearly appropriate. Westminster contends that despite the provision allowing a new trial on “damages only,” the trial court should have ordered a new trial on both liability and damages. Hence, it is the statutory provision that authorizes a new trial “on the issue of damages only” that lies at the heart of the issue we must resolve.
 

 Westminster is correct that the trial court should have granted its request for a new trial on both liability and damages. A line of decisions rendered by the district courts, including this court, hold that despite the limiting provision in section 768.74(4), when a jury award is inadequate and an additur is necessary to correct the inadequacy, a new trial on the issues of liability and damages is appropriate when the liability issue was hotly contested by the parties.
 
 Frasher v. White-hurst Family, Inc.,
 
 948 So.2d 36, 38 (Fla. 3d DCA 2006);
 
 Scott v. Sims,
 
 874 So.2d 21, 22 (Fla. 1st DCA 2004) (“[B]efore new trial should be allowed on damages alone, a defendant’s liability must be unequivocally established and not substantially disputed at trial; nor can it be the result of the jury’s compromise on the liability issue .... ”);
 
 Food Lion v. Jackson,
 
 712
 
 *842
 
 So.2d 800, 803 (Fla. 5th DCA 1998) (noting the provision in section 768.74(2) that instructs that the adverse party be given the choice of accepting the amount of additur or a new trial on damages only, and holding that a new trial on the issue of liability should also be ordered if liability was hotly contested);
 
 Newalk v. Florida Supermarkets, Inc.,
 
 610 So.2d 528, 529-30 (Fla. 3d DCA 1992) (holding new trial on all issues required where damage award was inadequate and liability was hotly contested);
 
 Broward County Sch. Bd. v. Dombrosky,
 
 579 So.2d 748, 49-50 (Fla. 4th DCA 1991);
 
 Watson v. Builders Square, Inc.,
 
 563 So.2d 721, 722 (Fla. 4th DCA 1990) (“[W]hen a damage award is clearly inadequate and the issue of liability is hotly contested, such circumstances give rise to a suggestion that the jury may have compromised its verdict.”). These decisions are premised on the generally accepted notion that in such cases the jury may have returned a compromised verdict that does not reflect a true and just decision based on the evidence and the pertinent law.
 

 In conjunction with its request for a new trial on the issues of liability and damages in the event the additur was rejected, Westminster demonstrated that a compromise verdict was likely returned by the jury. As Westminster contends, and as the record clearly reveals, the issue of liability was hotly contested throughout the trial proceedings. The record further reveals that given the jury’s verdict finding that Westminster’s negligence was the legal cause of Mr. Mikesell’s injuries, the damage award of zero dollars was clearly inadequate in light of the substantial evidence at trial of economic and noneconomic damages. Westminster even conceded at the hearing on the motion for additur that there was evidence at trial of actual economic damages in the amount of $62,719.95. These circumstances suggest that the jury’s verdict finding Westminster liable but awarding zero dollars in damages may have been a compromise on the issue of liability. That the jury may have compromised its verdict in this case is further indicated by the course of the jury’s deliberations. For example, after deliberating for several hours, the jury informed the court that it was deadlocked. The deliberations up to that point had been heated and “furious.” Nevertheless, the parties agreed to give the jurors an additional charge, and the court instructed the jury to continue deliberating and reach a decision if at all possible. Less than one hour later, the jury returned with a verdict. By the time the jury reached its verdict, it had been deliberating for approximately eight hours. We also note that during the hearing on the motion for additur, the rather long deliberation prompted the trial judge to refer to the jury as “a mad jury.”
 

 Based on the facts and circumstances of the instant case, we conclude that the trial court should have ordered a new trial on both liability and damages as specifically requested by Westminster. Therefore, to the extent that the order on appeal grants a new trial on damages only, it is reversed, and this case is remanded for a new trial on both liability and damages.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 GRIFFIN and EVANDER, JJ., concur.
 

 [1]
 

 . The order we review is an appealable non-final order granting a new trial under Florida Rules of Appellate Procedure 9.110(a)(4) and 9.130(a)(4).
 
 See Stanberry v. Escambia County,
 
 813 So.2d 278 (Fla. 1st DCA 2002).
 

 [2]
 

 . Westminster also argues that: 1) in granting an additur, the trial court improperly sat as a seventh juror and interfered with the jury's function in our judicial system; 2) if the verdict is inconsistent, Mikesell did not properly preserve her right to seek a new trial; and 3) under the plain language of section 768.74, Florida Statutes, the trial court lacked the authority to award an additur. We affirm as to these issues without further discussion, except to note that we believe the trial court was correct in finding that the verdict is inadequate and not inconsistent.