ORFINGER, J.
Patricia Parrish appeals the denial of her motion for additur and/or a new trial following a jury verdict in her personal injury action against the City of Orlando, Florida. The jury awarded Parrish substantial past and future economic damages, but no past or future noneconomic damages. Based on the evidence presented, Ms. Parrish contends that the verdict was either inadequate or against the manifest weight of the evidence. The City concedes error as to past noneconomic damages. We agree with Ms. Parrish that she is entitled to a new trial on all damages and reverse.
Ms. Parrish and her husband were walking to the Citrus Bowl football game when she tripped and fell on an uneven sidewalk, seriously injuring her left shoulder. She and her husband filed a negligence action against the City because the City was re *1201 sponsible for the maintenance of the sidewalk where the accident occurred.
After her fall, Ms. Parrish began treatment with Brian Barnard, M.D., of the Jewett Orthopedic Clinic. Dr. Barnard testified that Ms. Parrish suffered a com-minuted proximal humerus fracture in her left shoulder. Due to the severity of the injury, Dr. Barnard performed shoulder replacement surgery. Ms. Parrish subsequently developed axillary nerve palsy, requiring another surgery.[1] He opined that these medical conditions were all due to the trauma/injury to her shoulder as a result of the fall.
Ms. Parrish’s recovery was not uneventful. She experienced post-surgical complications that required Dr. Barnard to conduct an arthroscopy of the shoulder and a repair of the rotator cuff. Ms. Parrish’s shoulder also became infected, requiring removal of the shoulder implant and placement of an antibiotic cement spacer in her shoulder. In her final surgery, Ms. Parrish was given a new shoulder implant. Throughout her treatment with Dr. Barnard, Ms. Parrish was also attending physical therapy. Dr. Barnard testified that the shoulder implant would need to be followed for the remainder of Ms. Parrish’s life to ensure that it remained in place, maintained its function, and did not loosen or become infected.
In total, Ms. Parrish had five surgeries on her shoulder and was left with a limited range of motion in her arm due to scar tissue and severe nerve damage. Dr. Barnard reported that while Ms. Parrish has specific limitations in overhead reaching, she still functioned well below shoulder height and up to a little over her head. He believed that she could reach the back of her head with extra effort. Dr. Barnard concluded that Ms. Parrish suffered a permanent injury to her left shoulder as a result of the fall. The City offered no countervailing medical testimony.
Ms. Parrish admitted that prior to her fall, she had numerous pre-existing medical conditions, including diabetes, hypertension, and mitral valve insufficiency. She had undergone gastric bypass surgery, a mitral valve replacement, and heart by-pass surgery. However, prior to the accident, she had no problems with her left shoulder. After the accident, she is in constant pain, and has no strength in her left shoulder as she has lost nerves and muscle. She testified that she has very limited mobility in her arm. Ms. Parrish’s husband indicated that he can force her arm above her shoulder, but that it causes extreme pain. Despite her various infirmities, following the accident, Ms. Parrish and her husband travelled to the Florida Keys, North Carolina and Georgia, and also took an extended trip to Europe with a personal attendant.
Following a trial, the jury allocated 85% of the negligence to Ms. Parrish, and 15% of the negligence to the City. The jury awarded $51,929.02 for past medical expenses, and $130,000 for future medical expenses. However, the jury awarded no past or future noneconomic damages. After Ms. Parrish’s motion for additur and/or new trial was denied, this appeal followed.
Ms. Parrish argues that the trial court abused its discretion in denying her motion for additur or new trial because the jury’s verdict was inadequate by failing to award any noneconomic damages. She contends that based on Deklyen v. Truckers World, Inc., 867 So.2d 1264 (Fla. 5th DCA 2004), and Ellender v. Bricker, 967 So.2d 1088 *1202 (Fla. 4th DCA 2007), she is entitled to a new trial on damages because the verdict fails to comport with the manifest weight of the evidence.
We review a trial court’s denial of a motion for additur or new trial for an abuse of discretion. Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999); Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998); Ellender, 967 So.2d at 1092; Deklyen, 867 So.2d at 1266. A verdict comes to an appellate court clothed with a presumption of regularity and should not be disturbed if supported by the evidence. Deklyen, 867 So.2d at 1266. A trial court’s consideration of a motion for additur is governed by section 768.74, Florida Statutes (2009), which requires the court to determine if the “amount [of damages awarded] is excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact.” § 768.74(1), Fla. Stat. (2009). “If the [trial] court finds that the amount awarded is excessive or inadequate, it [is required to] order a remittitur or [an] additur....” § 768.74(2), Fla. Stat. (2009). “If the party adversely affected by [the] remittitur or additur does not agree, the court [must] order a new trial ... on the issue of damages only.” § 768.74(4), Fla. Stat. (2009).
While the City properly concedes error as to past noneconomic damages, it argues that the trial court correctly denied Ms. Parrish’s motion for additur and/or motion for new trial as to future noneconomic damages. It contends that Florida law permits an award of future economic damages with no corresponding award for future noneconomic damages.
We agree that “an award of economic damages, including future damages, does not, as a matter of law, require an award of noneconomic damages.” Deklyen, 867 So.2d at 1267. A jury may refuse to award future noneconomic damages when the defendant has presented evidence disputing such damages or when future noneconomic damages are uncertain or speculative. As the supreme court wrote in Manasse,
[fjuture damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow ... that an award of future medical expenses requires an award of noneconomic damages.
707 So.2d at 1111-12 (quoting Allstate Ins. Co. v. Manasse, 681 So.2d 779, 784-85 (Fla. 4th DCA 1996) (Klein, J., dissenting)); see also Tavakoly v. Fiddlers Green Ranch of Fla., Inc., 998 So.2d 1183, 1184-85 (Fla. 5th DCA 2009) (holding that jury’s failure to award injured horse rider damages for future pain and suffering did not warrant granting rider new trial, even though jury awarded rider $27,000 for future medical expenses over 27 years; record did not contain indisputable medical evidence of permanent impairment or that rider would continue to experience pain into future, and award of future medical expenses was consistent with treating physician’s testimony that rider’s condition should be monitored on annual basis); Allstate Ins. Co. v. Campbell, 842 So.2d 1031, 1035 (Fla. 2d DCA 2003) (“[A]s in Manasse, the need for future economic damages was disputed and the jury awarded only minimal future economic damages. Therefore, the jury’s failure to award future noneconomic damages was supported by the evidence.... ”); Dyes v. Spick, 606 *1203 So.2d 700, 704 (Fla. 1st DCA 1992) (“Due to the somewhat speculative nature of what may occur in the future, it is perhaps not unwise to afford great latitude to the jury in its determinations as to [future] damages.”). However, where, as here, the evidence is undisputed or substantially undisputed that a plaintiff has experienced and will experience pain and suffering as a result of an accident, a zero award for pain and suffering is inadequate as a matter of law. Ellender, 967 So.2d at 1093; Deklyen, 867 So.2d at 1268; Dolphin Cruise Line, Inc. v. Stassinopoulos, 731 So.2d 708, 710 (Fla. 3d DCA 1999).
 As the City argues, a jury is free to accept or reject an expert’s testimony or to give it such weight as it deserves, considering the witness’s qualifications, the stated basis for the witness’s opinion, and all of the evidence in the case. See Easkold v. Rhodes, 614 So.2d 495, 497-98 (Fla.1993); State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061, 1062 (Fla. 4th DCA 1995). However, when medical evidence on permanence or causation is undisputed, unimpeached, or not otherwise subject to question based on other evidence presented at trial, the jury is not free to simply ignore or arbitrarily reject that evidence and render a verdict in conflict with it. See, e.g., Campbell v. Griffith, 971 So.2d at 232, 236 (Fla. 2d DCA 2008). Here, Ms. Parrish’s treating doctor testified that her shoulder injury was a permanent injury caused by the fall, and as the City concedes, it presented no opposing testimony. Thus, there was no other medical explanation for the injury’s etiology.
The failure to make an award for future noneconomic damages is unreasonable when there is undisputed evidence of permanent injury and a need for treatment in the future. Ellender, 967 So.2d at 1093. Here, the jury awarded Ms. Parrish future medical expenses of $10,000 per year for her thirteen-year life expectancy. Because the evidence is undisputed that the trip and fall caused Ms. Parrish’s injuries, and that she would most likely need some type of future therapy as the doctors monitored the shoulder implant, we conclude the jury should have awarded Ms. Parrish some future noneconomic damages. See Garrett v. Miami Transfer Co., 964 So.2d 286, 291 (Fla. 4th DCA 2007) (holding that “jury’s failure to award future [noneco-nomic] damages was unreasonable” where jury awarded significant amount for future medical expenses and where evidence was undisputed that accident caused plaintiffs injuries and that he would need future treatment, “indicating future pain”); Deklyen, 867 So.2d at 1268 (holding where jury awards plaintiff past and future economic damages and zero damages for either past or future pain and suffering despite indisputable evidence that plaintiff suffered at least some pain from injury, and uncontroverted evidence that pain continued and would continue well after injury, damage award is grossly inadequate, and new trial on issue of damages is required); Dolphin, 731 So.2d at 710-11 (reversing zero award for noneconomic damages and remanding for additur or new trial on past and future noneconomic damages where evidence was undisputed that plaintiff experienced and will experience pain and suffering as result of accident). In light of the undisputed and unim-peached evidence, the jury’s verdict awarding no past or future noneconomic damages was against the manifest weight of the evidence. Accordingly, a new trial on the issue of damages is required.
REVERSED and REMANDED for a new trial on damages.
GRIFFIN and LAWSON, JJ„ concur.

. Dr. Barnard explained that the axillary nerve is very important for control of the shoulder.